## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WESTLAKE MASTER ASSOCIATION, INC. ET AL., <br><br> Defendants. | Civil Action No. 3:18-CV-14862-AET-TJB <br><br><br> **MOTION RETURN DATE: <br> January 7, 2019** <br><br> **(Document Electronically Filed)** |

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS COUNTS I, II, III, V, AND VI OF THE COMPLAINT

---

**FOX ROTHSCHILD, LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648 2311
Tel: (609) 896 3600
Fax: (609) 896-1469
*Attorneys for Defendants Westlake Master Association Inc., and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco*

Of Counsel and on the brief:
    Wayne E. Pinkstone, Esq.

On the brief:
    John C. Atkin, Esq.

## **<u>TABLE OF CONTENTS</u>**

PRELIMINARY STATEMENT ................................................................ 1

RELEVANT FACTUAL & PROCEDURAL BACKGROUND ............................ 3

LEGAL ARGUMENT ........................................................................... 6

   I.    STANDARD OF REVIEW ...................................................... 6

   II.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT (FHA) – COUNTS I & II ........................ 8

   III.  PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION (NJLAD) – COUNT III .......................................................... 17

   IV.  PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE PLANNED REAL ESTATE DEVELOPMENT FULL DISCLOSURE ACT (PREDFDA) – COUNT V ................................. 19

   V.   PLAINTIFFS FAIL TO STATE A CLAIM FOR AIDING AND ABETTING VIOLATIONS OF THE FHA AND NJLAD AGAINST THE INDIVIDUAL DEFENDANTS – COUNT VI .......... 19

CONCLUSION ................................................................................. 22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................6, 7, 8, 20

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................6, 7, 20

*Brooks v. Seattle Hous. Auth.*,
    No. 12-0878, 2015 WL 3796232 (W.D. Wash. June 18, 2015).........................11

*Buck v. Hampton Twp. Sch. Dist.*,
    452 F.3d 256 (3d Cir. 2006) .............................................................................5, 7

*Cadapan v. Attorney Gen. of United States*,
    749 F.3d 157 (3d Cir. 2014) ...............................................................................13

*Congdon v. Strine*,
    854 F. Supp. 355 (E.D. Pa. 1994)......................................................................17

*Connelly v. Lane Constr. Corp.*,
    809 F.3d 780 (3d Cir. 2016) ...........................................................................7, 8

*Evans v. ForKids, Inc.*,
    306 F. Supp. 3d 827 (E.D. Va. 2018) .................................................................10

*Fagundes v. Charter Builders, Inc.*,
    No. 07-1111, 2008 WL 268977 (N.D. Cal. Jan. 29, 2008) ..................................9

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ................................................................................7

*Govt. of Canal Zone v. Burjan*,
    596 F.2d 690 (5th Cir. 1979) ...............................................................................4

*Haddix v. Camden Cty. Youth Det. Ctr.*,
    2015 WL 3755023 (D.N.J. June 16, 2015).........................................................21

*In re Int'l Bldg. Components*,
    159 B.R. 173 (Bankr. W.D. Pa. 1993)...................................................................4

*Ivan v. Cnty. of Middlesex*,
    595 F. Supp. 2d 425 (D.N.J. 2009).....................................................................21

*KBZ Commc'ns Inc. v. CBE Techs. LLC*,
    634 Fed. Appx. 908 (3d Cir. 2015)........................................................................6

*Lawrence v. Courtyards at Deerwood Ass'n, Inc.*,
    318 F. Supp. 2d 1133 (S.D. Fla. 2004)................................................................16

*Michigan Prot. & Advocacy Serv., Inc. v. Babin*,
    799 F. Supp. 695 (E.D. Mich. 1992), *aff'd*, 18 F.3d 337 (6th Cir.
    1994) ...............................................................................................................16, 17

*Monaco v. Am. Gen. Assur. Co.*,
    359 F.3d 296 (3d Cir.), *cert. denied*, 543 U.S. 814 (2004) ...............................21

*Morse v. Lower Merion Sch Dist.*,
    132 F.3d 902 (3d Cir. 1997) ..................................................................................6

*Reyes v. Fairfield Properties*,
    661 F. Supp. 2d 249 (E.D.N.Y. 2009) ...................................................................9

*Robinson v. Family Dollar Inc.*,
    679 Fed. Appx. 126 (3d Cir. 2017).........................................................................7

*Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa.,
    Inc.*,
    49 F. Supp. 2d 728 (D.N.J. 1999).........................................................................6

*Rodriguez v. 551 West 157th St. Owners Corp.*,
    992 F. Supp. 385 (S.D.N.Y. 1998) .......................................................................9

*Salisbury House, Inc. v. McDermott*,
    No. 96-6486, 1998 WL 195693 (E.D. Pa. Mar. 24, 1998)..................................17

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010) ...................................................................................7

*Sunrise Dev. Inc. v. Lower Makefield Twp.*,
No. 05-2724, 2006 WL 626806 (E.D. Pa. Jan. 23, 2006) ...................................17

*Tarr v. Ciasulli*,
181 N.J. 70 (2004) ...............................................................................................20

*Taylor v. Lincare, Inc.*,
No. 15-6284, 2016 WL 3849852 (D.N.J. July 15, 2016) ..............................20, 21

*United States v. Santos*,
553 U.S. 507 (2008) ..............................................................................................13

*Weiss v. 2100 Condo. Ass'n, Inc.*,
941 F. Supp. 2d 1337 (S.D. Fla. 2013) ......................................................9, 10, 11

**Statutes**

42 U.S.C.A. § 3604 .................................................................................*passim*

42 U.S.C.A. § 3617 ....................................................................................15, 16, 17

Fair Housing Act .........................................................................................*passim*

N.J.S.A. 10:5-4 ......................................................................................................18

N.J.S.A. 10:5-12(g)(2) ..........................................................................................18

N.J.S.A. 45:22A-44(b) ..........................................................................................19

Planned Real Estate Development Full Disclosure Act .....................................2, 19

**Other Authorities**

24 C.F.R. § 100.201 ....................................................................................10, 13, 14

24 C.F.R. § 100.203 ...............................................................................................13

24 C.F.R. § 100.204 ...............................................................................................14

24 C.F.R. § 100.205 ...............................................................................................14

Fed. R. Civ. P. 8 .....................................................................................................21

Fed. R. Civ. P. 12(b) ...................................................................................1, 6, 11, 22

Fed. R. Civ. P. 19(a)...........................................................................................11

N.J.A.C. 13:13-3.4(f) ..........................................................................................18

## **PRELIMINARY STATEMENT**

Defendants Westlake Master Association Inc. ("Westlake HOA"), and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco (collectively "Individual Defendants") (the Individual Defendants and the Westlake HOA are referred to collectively as "Defendants"), by and through their undersigned counsel, Fox Rothschild LLP, submit this Memorandum of Law in Support of their Motion to dismiss, in part, Counts I, II, III, V, and VI of the Complaint filed by Plaintiff Rabbi Philip Lefkowitz, Levi Lefkowitz, and Moshe Lefkowitz (collectively "Plaintiffs") [ECF No. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants' motion requests the partial dismissal of Counts I, II, III, V, and VI of the Complaint insofar as they relate to Defendants' alleged refusal to construct a path and Sabbath-accessible gate so that Plaintiffs can more easily access Gale Chambers Road, a public street outside of the Westlake Golf and Country Club.  At this time, Defendants do not seek dismissal of those counts (or Count IV) to the extent they concern Defendants' alleged refusal to allow Plaintiffs' request to construct a Succah in their dwelling, as Defendants have agreed to allow Plaintiffs to construct a Succah that is temporary in nature and that will conform to the Westlake HOA's regulation dealing with temporary religious/holiday structures and

1

have informed Plaintiffs that they will consider their request to construct a screen-enclosed porch, subject to the submission of acceptable building plans for approval, after which all these remaining claims will be rendered moot.

Plaintiffs' FHA and NJLAD claims concerning the path and gate must fail because Plaintiffs fail to adequately allege that the requested modifications were to be made to an existing premises, at their own expense, and were necessary in order for them to fully enjoy an existing premises they occupy.  Plaintiffs' claim for violation of PREDFDA, and their aiding and abetting claim against the individual defendants, must also fail because both are entirely dependent on their FHA and NJLAD claims and, moreover, are nothing more than bald recitations of legal conclusions.  The Court should dismiss these claims, with prejudice, so that once the parties amicably resolve the Succah issue, this matter can be closed.

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND[1]

Plaintiff Rabbi Lefkowitz and his two adult sons, Levi and Moshe Lefkowitz, are observant, Orthodox Jews who suffer from diabetes, have lost limbs, and use wheelchairs to transport themselves.   Compl. ¶¶ 2, 28-30.   In addition, Levi Lefkowitz is legally blind.  *Id.* at ¶ 2.  All three reside at Rabbi Lefkowitz's home, which is located in the Westlake Golf and Country Club, a community restricted to individuals age 55 and over located in Jackson, New Jersey.[2]  *Id.* at ¶¶ 5-8.  Plaintiffs allege that the Westlake HOA is a "New Jersey non-profit corporation established for the purposes, among others, of administering and maintaining the common property and facilities of the development" where Plaintiffs reside.  *Id.* at ¶ 9.  The Individual Defendants were (or are) all members (or officers) of the Board of Trustees of the Westlake HOA during the relevant time period of this dispute, and are "responsible for managing the property, affairs, and business of the [Westlake HOA] in accordance with the [its] governing documents and law."  *Id.* at ¶¶ 10-19.

---

[1] The following facts are primarily drawn from the Complaint, which the Court must be assume to be true at this juncture.  Because the issue concerning the Succah has been resolved in principle, this recitation of facts focuses primarily on Plaintiffs' allegations concerning their request for the construction of a path and Sabbath-accessible gate.

[2] As of the date of the filing of the Complaint, Moshe Lefkowitz was temporarily residing in a rehabilitation center in Lakewood, New Jersey.  *Id.* at ¶ 7.

According to the Complaint, Rabbi Lefkowitz's daughter, and his six grandchildren, reside in a home on Gale Chambers Road, which is "located a few blocks" from Rabbi Lefkowitz's home, outside of the Westlake Golf and Country Club. *Id.* at ¶¶ 32, 83. Plaintiffs also allege that "a weekly prayer meeting is held every Sabbath in a home also located" on Gale Chambers Road. *Id.* at ¶ 83. However, both Rabbi Lefkowitz's daughter's home, and the home that houses the prayer meeting, are located past a "grass covered lot," and "just on the other side of [a] gate," on the border of the Westlake Golf and Country Club. *Id.* at ¶¶ 83, 100. The gate in question opens directly onto Gale Chambers Road.[3] *Id.* at ¶¶ 82, 83. Because of their religious faith, Plaintiffs cannot use automobiles on the Sabbath, and allege that in order to visit Rabbi Lefkowitz's daughter or the prayer house on the Sabbath, Plaintiffs must travel in wheelchairs "approximately 1.1 miles to [Rabbi Lefkowitz's] daughter's house and approximately 1.4 miles to the house where the prayer meeting is held." Compl. ¶ 84.

---

[3] *See In re Int'l Bldg. Components*, 159 B.R. 173, 180 (Bankr. W.D. Pa. 1993) ("A trial court may take judicial notice of geographical locations and boundaries.") (citing *Gov't. of Canal Zone v. Burjan*, 596 F.2d 690, 694 (5th Cir. 1979).

Beginning in March 2018, while the parties were engaged in negotiations over the Succah, Rabbi Lefkowitz sent correspondence to the Westlake HOA to request "that the gate in the fence that separates Westlake's property from Gale Chambers Road be unlocked and that a path be installed so that Rabbi Lefkowitz and his family could use the gate." *Id.* at ¶ 82.  According to Plaintiffs, this would reduce Plaintiffs' trip to both Rabbi Lefkowitz's daughter's home, and the home that houses the prayer meeting.  *Id.* at ¶ 89.  Although Plaintiffs allege the expense of the path would be between $3,675 and $5,145, in addition to an unspecified amount to construct a "Sabbath-accessible gate that Rabbi Lefkowitz could operate," Plaintiffs fail to allege that they ever offered to pay for these items, because they never did.  *Id.* at ¶ 101.  Indeed, as Plaintiffs' counsel's August 30, 2018 letter, incorporated by reference in paragraph 101 of the Complaint, makes abundantly clear, Plaintiffs expected the Westlake HOA to pay for the path and gate, assuring Defendants that "the cost to the Association of installing the path . . . is very reasonable."[4]

---

[4] Certification of Wayne E. Pinkstone, Esq. (dated December 13, 2018) [hereinafter "Pinkstone Cert."], ¶2, Ex. A; *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (stating that when "evaluating a motion to dismiss, [a court] may consider . . . any matters incorporated by reference or integral to the claim[.]")  (citations omitted).

The Westlake HOA rejected Plaintiffs' request to install a path and Sabbath-accessible gate.  *Id.* at ¶¶ 90-105.  Plaintiffs then filed suit against Defendants on October 11, 2018.  [ECF No. 1].

## LEGAL ARGUMENT

## I.      STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where the plaintiffs have failed to state a claim upon which relief may be granted. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "But a court need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *KBZ Commc'ns Inc. v. CBE Techs. LLC*, 634 Fed. Appx. 908, 910 (3d Cir. 2015) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).   "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 728, 740 (D.N.J. 1999) ("In other words, the pleading must contain more than a conclusory statement that the pleading party is entitled to relief from another party; it must state how and why the claimant is entitled to such relief.").

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks and citation omitted).  In addition to the allegations of the complaint, when "evaluating a motion to dismiss, [a court] may consider documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citations omitted).

"In accordance with the pleading requirements outlined in *Twombly* and *Iqbal*, [the Third Circuit has] formulated a three-step process for district courts to follow in reviewing the sufficiency of a complaint." *Robinson v. Family Dollar Inc.*, 679 Fed. Appx. 126, 131 (3d Cir. 2017); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the reviewing court "must take note of the elements the plaintiff must plead to state a claim." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citation, quotation marks, and brackets omitted).  Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (citation and quotation marks

omitted).  Finally, "when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  (citation, quotation marks, and brackets omitted).  This last step of the plausibility analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

## II.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT (FHA) – COUNTS I & II

### A.   Plaintiffs Fail to Allege that Defendants Refused to Make Reasonable Accommodations or Permit Reasonable Modifications to An Existing Premises At Plaintiffs' Own Expense.

The FHA makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of a handicap."   42 U.S.C. § 3604(f)(2).[5]  The FHA defines "discrimination," in relevant part, as:

> (A) a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such

_____

[5] The FHA contains a similar provision prohibiting discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."   42 U.S.C. § 3604(b).  While Plaintiffs do not assert a claim of religious discrimination in Count I of the Complaint, any amendment to include this claim would be futile, because it would fail for the same reasons that Plaintiffs' disability discrimination claim(s) fail.

> modifications may be necessary to afford such person full enjoyment of the premises . . . .
>
> (B) a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling; . . . .

42 U.S.C.A. § 3604(f)(3).  Count I of the Complaint alleges that Defendants discriminated against Plaintiffs by "refusing to reasonably accommodate" Plaintiffs' disabilities by refusing to construct a path and gate.  Compl. ¶ 111.  Plaintiffs have failed to state a claim of discrimination under Section 3604 of the FHA, for three reasons.

First, Plaintiffs' request for Defendants to build a path and gate is not a request for a reasonable "accommodation" under Subsection B, but rather a request for a reasonable "modification" under Subsection A.  *See Weiss v. 2100 Condo. Ass'n, Inc.*, 941 F. Supp. 2d 1337, 1344-45 (S.D. Fla. 2013); *Reyes v. Fairfield Properties*, 661 F. Supp. 2d 249, 260-61 (E.D.N.Y. 2009); *Fagundes v. Charter Builders, Inc.*, No. 07-1111, 2008 WL 268977, at *6 (N.D. Cal. Jan. 29, 2008); *Rodriguez v. 551 West 157th St. Owners Corp.*, 992 F. Supp. 385, 387 (S.D.N.Y. 1998).  As the Court in *Weiss* succinctly explained, in considering (and rejecting) a factually-analogous request to an HOA to construct/repair a path over a beach dune so that a plaintiff's disabled son could access a beach:

> The plain language of the FHA defines accommodations in terms of reasonable accommodations in "rules, policies, practices, or services." § 3604(f)(3)(B).  Subsection (B) makes no mention of adjustments or improvements to existing structures, and, in contrast with § 3604(f)(2), fails to make any mention of "facilities."   To the contrary, while subsection (B) does not define modifications, the Department of Housing and Urban Development's regulations provide that a modification is "any change to the public or common use areas of a building or any change to a dwelling unit."  24 C.F.R. § 100.201.  Thus, the plain language of § 3604(f)(3)(B), read in conjunction with the statute as a whole, directs the conclusion that a request for (re)construction or repair is more appropriately a request for a modification than an accommodation.

941 F. Supp. 2d at 1344.  As such, Plaintiffs' request to construct a path and Sabbath-accessible gate clearly fails to state a claim for failure to provide an "accommodation" under Subsection (B) of Section 3604(f) of the FHA.

Second, in order to state a claim under Subsection (A) of Section 3604(f) of the FHA (which Plaintiffs did *not* assert, *see* Compl. ¶¶ 107-112), Plaintiffs must allege that *they* offered to pay for the reasonable modification(s) they are requesting. 42 U.S.C.A. § 3604(f)(3)(A) (defining discrimination to include "a refusal to permit, *at the expense of the handicapped person*, reasonable modifications of existing premises occupied or to be occupied by such person . . . .") (emphasis added); *see Weiss*, 941 F. Supp. 2d at 1344-47 (denying discrimination claim where HOA refused to construct access ramps/walkover structures and to otherwise maintain and provide an accessible path over a beach dune because plaintiffs refused to pay for requested modifications); *see also Evans v. ForKids, Inc.*, 306 F. Supp. 3d 827, 839

(E.D. Va. 2018) ("Turning next to Plaintiff's request for a reasonable modification in the form of the installation of a ramp and grab bars at her current unit, the Court agrees with Defendant that, as a matter of law, Plaintiff cannot recover under the FHA because the § 3604(f)(3)(A) requires a tenant to personally fund reasonable modifications, and it is undisputed that Plaintiff never offered to pay for (and was not capable of paying for) the modifications at issue."); *Brooks v. Seattle Hous. Auth.*, No. 12-0878, 2015 WL 3796232, at *2 (W.D. Wash. June 18, 2015) (granting judgment on claim for violation of 42 U.S.C. § 3604(f)(3)(A) after bench trial where plaintiff "presented no evidence that she made a request to modify the lighting in her apartment at her own expense").  However, Plaintiffs never made any attempt to pay for, or even or offer to pay for, the path and gate they requested.  *See* Compl. ¶¶ 82-106; Pinkstone Cert. ¶ 2, Ex. A.  Nor did they ever make any effort to obtain permission from Jackson Township to connect the proposed path to the public road they wished to access.[6]  *See Weiss*, 941 F. Supp. 2d at 1344-47 (denying discrimination claim for failure to make modification of a path over beach dune

---

[6] Plaintiffs failure to join Jackson Township provides yet another basis for dismissal; Jackson Township is a necessary party because Defendants cannot construct the requested path, connected to the public street on the other side of the locked gate, without approval of Jackson Township and, as such, complete relief cannot be accorded among those already parties. *See* Fed. R. Civ. P. 12(b)(7), 19(a).

where plaintiffs failed to engage with the state department of environmental protection with jurisdiction over the beach dune).

Finally, even had Plaintiffs asserted a claim for violation of Subsection (A) of Section 3604(f) (which they did not), and offered to pay for the path and gate modifications (which they did not), the fact remains that Subsection (A) of Section 3604(f) of the FHA only requires Defendants to permit "modifications of existing premises occupied or to be occupied by [the disabled Plaintiffs] if such modifications may be necessary to afford such person full enjoyment of the premises." However, Plaintiffs' requested modifications were for the new construction of a path and gate in an area wholly unconnected to an *existing* premises they occupy (or will occupy).

To be sure, as provided in a Joint Statement issued by Department of Housing and Urban Development and the Department of Justice, reasonable modifications may include "altering a walkway to provide access to a public or common use area," and modifications are not "limited to the interior of a dwelling," but may include "widening entrances to fitness centers or laundry rooms, or for changes to exteriors of dwelling units such as installing a ramp at the entrance to a dwelling."[7]  However, like the FHA and its regulations, even this guidance recognizes the requirement that

---

[7] *Joint Statement of the Department of Housing and Urban Development and the Department of Justice on Reasonable Modifications Under the Fair Housing Act*, (March 5, 2008) at 3, 7.

the premises to be modified must already *exist* – the FHA does not contemplate a duty to create new premises for Plaintiffs to enjoy.  *See id.* at 3 ("A reasonable modification is a structural change made to existing premises, occupied or to be occupied by a person with a disability, in order to afford such person full enjoyment of the premises"). *Cf.* 42 U.S.C.A. § 3604(f)(3) ("existing premises"); 24 C.F.R. § 100.203(a) ("existing premises").

The FHA does not define "premises," but Department of Housing and Urban Development's ("HUD") regulations define the term as "the interior or exterior spaces, parts, components or elements of a building, including individual dwelling units and the public and common use areas of a building." 24 C.F.R. § 100.201. Similarly, those regulations define "modification" as "any change to the public or common use areas of a building or any change to a dwelling unit." *Id.* And while the FHA and the HUD regulations are not so pedantic as to define the term "exist," "generally when a statutory term is left undefined, [courts] give it its 'ordinary meaning' or common usage." *Cadapan v. Attorney Gen. of United States*, 749 F.3d 157, 161 (3d Cir. 2014) (citing *United States v. Santos*, 553 U.S. 507, 511 (2008)).

Plaintiffs plainly do not request the "modification" of an "existing premises." They are not requesting the construction of a ramp to their dwelling, or the widening of a doorway in an existing public or common use area (like an HOA-operated clubhouse, laundry room, or fitness center), but rather the construction of a

13

completely new path and gate in a vacant, "grass covered lot," Compl. ¶ 100, far removed from the premises/dwelling they occupy.[8]   Thus, even had Plaintiffs asserted a cause of action under this provision, and adequately alleged the requisite elements necessary to plead it, the modification they request is simply not required by the FHA, as it is neither a modification of an "existing premises," nor even "necessary to afford [Plaintiffs] full enjoyment of the premises," since the premises does not exist to be enjoyed.

---

[8] Nor should Plaintiffs be heard to argue that the requested modifications were necessary to enable them to enjoy the locked gate as a "common use area."  *See* 24 C.F.R. § 100.204(a).  First, that language appears in the regulation pertaining to "accommodations," rather than "modifications," which are addressed in 24 C.F.R. § 100.205(a).  And, even if the Court were inclined to mix-and-match these separate provisions, the plain fact is that the locked gate is not a "common use area."  While HUD regulations allow that "common use areas" may include "passageways among and between buildings," the defining characteristic of such "spaces or elements" is that they "are made available for the use of residents of a building or the guests thereof."  24 C.F.R. § 100.201.  Plaintiffs' request is for the gate to be opened to them – and them alone – because it is *not* "available for the use" of anyone in the community.  *See* Compl. ¶ 94 ("The gate need not be opened to the public or to members of the Association generally.").  Indeed, Plaintiffs' counsel requested that the gate not only be unlocked, but that a "more user-friendly lock will have to be installed" because "[t]he gate is currently locked in part by a wire wrapped around it."  Pinkstone Cert. ¶ 2, Ex. A; Compl. ¶ 101.  Stated simply, a closed gate, accessible to no one, locked by key and *wire*, is simply not a space "made available for the use of residents," and, therefore, is not a "common use area."

**B.**     **Plaintiffs Fail to Allege Any Conduct that Rises to the Level of "Interference" with a Right Granted or Protected by the FHA.**

Count II of the Complaint alleges that Defendants "interfered" with Plaintiffs' FHA rights by not agreeing to install a path and Sabbath-accessible gate on the border of the Westlake community.  However, Plaintiffs fail to plead that Defendants engaged in any conduct that would rise to the level of "interference."  Instead, they baldly assert that any action whatsoever – including Defendants' refusal to agree to their requests – should qualify as "interference" to the extent that action, not matter how *de minimis*, prevents a party from exercising rights they believe (incorrectly) to have under the FHA.  This is wrong.

Section 3617 of the FHA provides, in relevant part:

> It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

42 U.S.C.A. § 3617.  Clearly, Defendants' decision to refuse Plaintiffs' request to install a path and Sabbath-accessible gate does not amount to coercion, intimidation, or threats, and Plaintiffs make no allegation that any of those actions occurred.  Instead, they rely on the conclusory label that Defendants "interfered" with

Plaintiffs' FHA rights by merely not granting their request for modifications.

However, courts around the country, and in the Third Circuit, have reasonably – and

correctly – rejected similar invitations to give such a broad interpretation of the term

"interfered" in Section 3617, because doing so would render nearly all actions and

inactions to be prohibited by the FHA:

> The Court does not believe that Congress could have intended "interfere" to be applied in its broadest sense. The word "interfere" has a very broad meaning, signifying both hindrance and trespass. Black's Law Dictionary defines it to mean "[t]o enter into, or to take part in, the concerns of others." Black's Law Dictionary 417 (5th ed. 1983). If an individual could be found liable under § 3617 for hindering any protected person's enjoyment of rights guaranteed under §§ 3603–3606, then a whole range of otherwise innocuous acts would fall under § 3617. . . . .

> The Court believes that Congress intended "interfere" to have a more direct, restricted meaning in this context, namely, the use or threat of force, coercion, or duress to hinder valid housing rights. This interpretation is supported by the doctrine of *ejusdem generis* which says that "when a general term follows a specific one, the general term should be understood as a reference to subjects akin to the one with specific enumeration."

*Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 799 F. Supp. 695, 724-25 (E.D.

Mich. 1992) (footnotes omitted), *aff'd*, 18 F.3d 337 (6th Cir. 1994); *see also*

*Lawrence v. Courtyards at Deerwood Ass'n, Inc.*, 318 F. Supp. 2d 1133, 1144-45

(S.D. Fla. 2004) ("A failure to act does not rise to the level of the egregious overt

conduct that has been held sufficient to state a claim under section 3617. The Court concludes that to constitute actionable interference, in the absence of a violation of sections 3603–3606, the discriminatory conduct must be pervasive and severe enough to be considered as threatening or violent.").  Indeed, courts in the Third Circuit have repeatedly cited to, and adopted, the *Babin* court's interpretation of Section 3617.  *See, e.g.*, *Sunrise Dev. Inc. v. Lower Makefield Twp.*, No. 05-2724, 2006 WL 626806, at *5 (E.D. Pa. Jan. 23, 2006); *Salisbury House, Inc. v. McDermott*, No. 96-6486, 1998 WL 195693, at *13 (E.D. Pa. Mar. 24, 1998); *Congdon v. Strine*, 854 F. Supp. 355, 363-64 (E.D. Pa. 1994).

Moreover, even if the Court were to break with this line of precedent and hold that literally anything can constitute "interference" under Section 3617, the fact remains that Plaintiffs *had no right* under Section 3604 of the FHA to require the Westlake HOA to construct the path and gate.  *See supra* Sec. II.A.  Therefore, Defendants' actions did not – and could not – "interfere" with the exercise or enjoyment of . . .  any right granted or protected by section 3603, 3604, 3605, or 3606 of [the FHA]."  42 U.S.C.A. § 3617.

## III. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION (NJLAD) – COUNT III.

The NJLAD provides that "[a]ll persons shall have the opportunity to obtain . . . all the accommodations, advantages, facilities, and privileges of . . . real property

17

without discrimination because of . . . creed . . . [or] disability[.]"  N.J.S.A. 10:5-4.

To this end, the NJLAD provides that  it is unlawful to "discriminate against any

person or group of persons because of . . . creed . . . [or] disability . . . in the terms,

conditions or privileges of the sale, rental or lease of any of any real property[.]

N.J.S.A. 10:5-12(g)(2).  Although the statutory language of the NJLAD appears to

limit its scope to "sale, rental or lease" of real property, the Act's implementing

regulations closely mirror the FHA and its regulations, and provide, in relevant part:

> It is unlawful for any person to:
>
> 1.      Refuse to permit, at the expense of the person with a disability, reasonable modifications of existing premises occupied or to be occupied by the person with a disability, if the modifications may be necessary to afford the person with a disability full enjoyment of the premises[.]
>
>    . . . . and
>
> 2.      Refuse to make reasonable accommodations in rules, policies, practices or services, or reasonable structural modifications, when such accommodations or modifications may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, including public and common areas.

N.J.A.C. 13:13-3.4(f).

Plaintiffs' NJLAD claim (Count III) fails for the same reason their FHA

claims fail.  Plaintiffs never made any offer to pay for the modification they

requested, which was not a modification to an "existing premises occupied or to be

occupied by the person with a disability" or one "necessary to afford a person with

a disability equal opportunity to use and enjoy a dwelling, including public and common areas."  Accordingly, this claim, too, must fail.

## IV.   PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE PLANNED REAL ESTATE DEVELOPMENT FULL DISCLOSURE ACT (PREDFDA) – COUNT V

Count V of the Complaint piggy-backs off of Plaintiffs' FHA and NJLAD claims, alleging that Defendants violated the PREDFDA by refusing to install the requested path and Sabbath-accessible gate.  PREDFA provides, in relevant part, that the Westlake HOA must "exercise its powers and discharge its functions in a manner that protects and furthers the health, safety and general welfare of the residents of the community."  N.J.S.A. 45:22A-44(b).  As explained in more detail above, nothing in the FHA of NJLAD required Defendants to construct the path and gate.  As such, it is nonsensical to charge Defendants with a violation of PREDFDA.

## V.   PLAINTIFFS FAIL TO STATE A CLAIM FOR AIDING AND ABETTING VIOLATIONS OF THE FHA AND NJLAD AGAINST THE INDIVIDUAL DEFENDANTS – COUNT VI

Plaintiffs' final claim against the Individual Defendants, for aiding and abetting the alleged violations of the FHA and NJLAD, must fail for three reasons.

First, in order to state a claim for aiding and abetting a violation of the FHA and NJLAD, a plaintiff must allege the following elements:

> (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role

as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation."

*Taylor v. Lincare, Inc.*, No. 15-6284, 2016 WL 3849852, at *7-8 (D.N.J. July 15, 2016) (quoting *Tarr v. Ciasulli*, 181 N.J. 70, 84 (2004)).  However, Plaintiffs' complaint fails to allege a "wrongful act" performed by any of the Defendants.  The closest they come to adding any skin to the bones of their Complaint is alleging that Defendant Rivere rejected Rabbi Lefkowitz's request to construct the path and Sabbath-accessible gate by letter dated May 8, 2018, Compl. ¶ 90, and that Plaintiffs met with Defendants on September 20, 2018, where Defendants refused their request again.  *Id.* at ¶¶ 90, 103-105.  Nothing in these allegations explain why these actions by Defendants were "wrongful."  Indeed, far from being "wrongful," Defendants were entirely within their rights to deny Plaintiffs' requests.  *See supra* Sec. I, II.

Second, with respect to the few elements Plaintiffs do attempt to allege, they provide nothing more than threadbare legal conclusions.  But "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Plaintiffs allege merely that the Individual Defendants "aided" Westlake

HOA's violation of the FHA and NJLAD, and that they "knowingly and substantially assisted" Westlake HOA in these violations.  Compl. ¶¶ 136-37.  These formulaic recitations, devoid of factual content, are clearly insufficient under Federal Rule of Civil Procedure 8 and *Twombly/Iqbal*.

Finally, where, as here, the underlying causes of action for violation of the FHA and NJLAD themselves fail to state a claim, there can be no claim for aiding and abetting those alleged violations.  *See Monaco v. Am. Gen. Assur. Co.*, 359 F.3d 296, 307 n. 15 (3d Cir.) (holding that, because plaintiff's underlying NJLAD claim fails, "any claim he brought against the individual defendants for aiding and abetting fails as well."), *cert. denied*, 543 U.S. 814 (2004); *Taylor*, 2016 WL 3849852, at *8; *Haddix v. Camden Cty. Youth Det. Ctr.*, 2015 WL 3755023, at *6 (D.N.J. June 16, 2015) (holding that "because Plaintiff's underlying causes of action fail, there can be no claim for aiding and abetting in violation of the NJLAD") (citing *Ivan v. Cnty. of Middlesex*, 595 F. Supp. 2d 425, 563 (D.N.J. 2009)).  As such, these claims, like Plaintiffs' other claims, must fail.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Counts I, II, III, V, and VI of the Complaint, insofar as they relate to Defendants' alleged refusal to construct a path and gate, pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: December 13, 2018                Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Defendants Westlake Master
Association Inc., and Bobbie Rivere, Dennis
Lafer, Richard E. Fontana, Marie Miller,
James P. Garrett, David J. Whelan, Michael
W. Yudkin, Diane E. O'Connor, and Peter J.
Martinasco*

By:    */s/ Wayne E. Pinkstone*
        WAYNE E. PINKSTONE
        JOHN C. ATKIN