**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

PHILIP LEFKOWITZ, ET AL.,
Plaintiffs,
v.

WESTLAKE MASTER ASSOCIATION, INC. ET AL.,
Defendants.

Civil Action No. 3:18-CV-14862-AET-TJB

**REVISED MOTION RETURN DATE:**
**February 19, 2019**

**(Document Electronically Filed)**

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PARTIAL MOTION TO DISMISS COUNTS I, II, III, V, AND VI OF THE COMPLAINT**

**FOX ROTHSCHILD, LLP**
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648 2311
Tel: (609) 896 3600
Fax: (609) 896-1469
*Attorneys for Defendants Westlake Master Association Inc., and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco*

Of Counsel and on the brief:
Wayne E. Pinkstone, Esq.

On the brief:
John C. Atkin, Esq.

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................ 1

LEGAL ARGUMENT ............................................................................................ 3

I. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT (FHA) – COUNTS I & II .......................... 3

A. Plaintiffs Fail to Allege that They Made a Reasonable Request for the Modification of An Existing Premises At Plaintiffs' Own Expense. .......................................................... 3

B. Defendants Did Not "Interfere" With Plaintiffs' FHA Rights .......................................................................... 10

II. THE PARTIES AGREE THAT PLAINTIFFS' NJLAD, PREDFDA, AND AIDING AND ABETTING CLAIMS ARE ENTIRELY DEPENDENT ON THEIR FHA CLAIMS ....................... 14

CONCLUSION ......................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvin v. Suzuki*,
227 F.3d 107 (3d Cir. 2000)....................7

*Brown v. City of Tucson*,
336 F.3d 1181 (9th Cir. 2003)....................10

*Buck v. Hampton Twp. Sch. Dist.*,
452 F.3d 256 (3d Cir. 2006)....................6

*Car Carriers, Inc. v. Ford Motor Co.*,
745 F.2d 1101 (7th Cir.1984), *cert. denied*, 470 U.S. 1054 (1984)....................4

*Cnty. of Hudson v. Janiszewski*,
351 F. App'x. 662 (3d Cir. 2009)....................7

*Edelson v. Cheung*,
No. 13-5870, 2017 WL 4220291 (D.N.J. Sept. 22, 2017)....................7

*Hidden Vill., LLC v. City of Lakewood, Ohio*,
734 F.3d 519 (6th Cir. 2013)....................13

*In re Int'l Bldg. Components*,
159 B.R. 173 (Bankr. W.D. Pa. 1993)....................9

*Jenkins v. CitiFinancial*,
No. 10-986, 2010 WL 4860667 (D.N.J. Nov. 23, 2010)....................4

*Michigan Prot. & Advocacy Serv., Inc. v. Babin*,
18 F.3d 337 (6th Cir. 1994)....................10

*Revock v. Cowpet Bay West Condominium Association*,
853 F.3d 96 (3d Cir. 2017)....................10, 11, 12, 14

*United States v. City of Hayward*,
36 F.3d 832 (9th Cir. 1994)....................13

*United States v. Kouevi*,
698 F.3d 126 (3d Cir. 2012)....................14

*Weiss v. 2100 Condo. Ass'n, Inc.*,
941 F. Supp. 2d 1337 (S.D. Fla. 2013)....................7, 8

*Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
836 F.2d 173 (3d Cir. 1988)....................4, 6

**Statutes**

42 U.S.C.A. § 3604....................2, 6

42 U.S.C.A. § 3617....................2, 10, 12, 13, 14

**Other Authorities**

Federal Rule of Civil Procedure Procedure 12....................1, 15

Federal Rule of Civil Procedure 15....................6, 7

24 C.F.R. § 100.201....................8

# PRELIMINARY STATEMENT

Defendants Westlake Master Association Inc. ("Westlake HOA"), and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco (collectively "Individual Defendants") (the Individual Defendants and the Westlake HOA are referred to collectively as "Defendants"), by and through their undersigned counsel, Fox Rothschild LLP, submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss, in part, Counts I, II, III, V, and VI of the Complaint filed by Plaintiffs Rabbi Philip Lefkowitz, Levi Lefkowitz, and Moshe Lefkowitz (collectively "Plaintiffs") [ECF No. 1], pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs spend considerable time discussing their claims concerning their request to construct a Succah on their property – claims which Defendants have not moved to dismiss here. With respect to Plaintiffs' claims concerning their request to modify the "grass covered lot" and wire-shut gate located thirteen (13) houses away from their dwelling – the actual subject of Defendants' motion to dismiss – their opposition changes nothing. The core issue in this motion is that Plaintiffs made a request to modify a "grass covered lot" and wire-shut gate, far removed from their dwelling, at Defendants' expense, in order to allow them to more easily travel to Rabbi Lefkowitz's daughter's home and a prayer house. This was not a request

"at the expense of the handicapped person" for a "reasonable modification[]" to "an existing premises occupied or to be occupied by such person . . . necessary to afford such person full enjoyment of the premises." 42 U.S.C.A. § 3604(f)(3)(A). Nor was it, as Plaintiffs claim for the first time, an accommodation from a "rule, policy or practice" to allow them to use the gate. There is no reference to any such rule, policy or practice in Plaintiffs' Complaint. With respect to the lot and wire-shut gate, Plaintiffs seek one thing – a modification – and as set forth below and in the moving papers, Plaintiffs fail to state such a claim. Because Defendants' denial of this request is not a violation of Section 3604(f)(3)(A), Plaintiffs' claims as to the lot and gate should be dismissed.

Plaintiffs' interference claim, under Section 3617, is entirely duplicative of their Section 3604 claim. Their only basis for claiming Defendants "interfered" with the exercise or enjoyment of Plaintiffs' FHA rights with respect to the lot/gate is Defendants' denial of Plaintiffs' modification request which, as explained in the moving papers and below, Defendants were entirely within their rights to deny without running afoul of the FHA. This Court should not be fooled by Plaintiffs' attempt to bootstrap allegations relating to Defendants' handling of Plaintiffs' request to modify their dwelling to construct a Succah in order to save their interference claim with respect to the lot/gate. Indeed, this misdirection only underscores the fact that Plaintiffs' allegations of interference with respect to the

latter are woefully insufficient. As such, if the Court dismisses Plaintiffs' modification claim (as it should), the Court should also dismiss Plaintiffs' interference claim (with respect to the gate/lot).

Finally, the parties agree that Plaintiffs' remaining claims are dependent of Plaintiffs' FHA claims and, therefore, if the Court dismisses Plaintiffs' FHA claims (as it should), the Court should dismiss these claims as to all Defendants (with respect to the gate/lot), as well. As stated in Defendants' moving papers, the Court should dismiss these claims, with prejudice, so that once the parties amicably resolve the Succah issue, this matter can be closed.

## LEGAL ARGUMENT

### I. PLAINTIFFS FAIL TO STATE A CLAIM FOR VIOLATION OF THE FAIR HOUSING ACT (FHA) – COUNTS I & II

#### A. Plaintiffs Fail to Allege that They Made a Reasonable Request for the Modification of An Existing Premises At Plaintiffs' Own Expense.

Plaintiffs' request for Defendants to build a path and gate is not a request for a reasonable accommodation under Subsection B of Section 3604(f) of the FHA, but rather a request for a modification under Subsection A. As set forth in the moving brief, Plaintiffs fail to state a claim for a modification under Subsection A. Faced with dismissal of their FHA and NJLAD claims as to the gate, Plaintiffs raise for the first time in their Opposition that they are also seeking an accommodation to a rule,

policy or practice. However, even if such an argument was supported by the allegations of the Complaint, which it is not, it misses the point of Defendants' Motion – that any such accommodation would only follow the requested modifications to the lot and gate, the denial of which did not violate the FHA.

First, nowhere in their complaint do Plaintiffs allege that they were seeking an accommodation to a rule, policy or practice with respect to the lot and gate. This appears for the first time in the Opposition and should be rejected. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1984)); *see also Jenkins v. CitiFinancial*, No. 10-986, 2010 WL 4860667, at *3 (D.N.J. Nov. 23, 2010).

However, even if the Complaint did contain such a claim, Defendants have no formal "rules, policies, [or] practices" concerning ingress or egress from the gate. It appears on plans as an emergency access gate (a fact not relied upon by Defendants as it is outside the universe of documents that may be considered on a motion to dismiss), but the gate's inaccessibility is only a consequence of its being sealed by wire and hidden at the end of a "grass covered lot", which is *de facto* not accessible to anyone, Plaintiffs included.

Second, even if the Court is swayed by Plaintiffs' argument that both accommodation and modification claims are asserted, it would clearly be a pyrrhic victory for Plaintiffs to prevail in changing Defendants' purported "policy" of not allowing general ingress and egress through the wire-shut gate if they do not also prevail on their modification claim – merely announcing that members of the public can cross the lot, and unwrap the wire from the gate themselves, would not help Plaintiffs access Rabbi Lefkowitz's daughter's house or the prayer house on Gale Chambers Road. Thus, to the extent it exists, the accommodation claim is necessarily intertwined with, and entirely dependent on, the modification claim – which is indisputably the main form of relief sought here. And since Plaintiffs cannot prevail on their modification claim, both, logically, must fail. Accordingly, the only question before the Court is whether Defendants violated the FHA by refusing to modify the lot/gate as requested.

Plaintiffs' attempts to save their modification claim are unavailing.

First, Plaintiffs are incorrect that an offer to pay is not part of the pleading requirements here. The FHA defines "discrimination," in relevant part, as:

> (A) *a refusal to permit, at the expense of the handicapped person, reasonable modifications* of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises . . . .

42 U.S.C.A. § 3604(f)(3) (emphasis added). If, as here, a request is made for a modification at Defendants' expense, any refusal of such a request does not fall within the definition of discrimination set forth in the FHA. To fall within the protections of this section of the FHA, Plaintiffs must allege that their request – the request that was denied – was for a reasonable modification *at their own expense*. Plaintiffs plainly did not make, and Defendants did not deny, such a request.

Nor should the Court accept Plaintiffs' transparent attempt to change the facts – both as alleged in their complaint and as they actually occurred – by claiming in their brief that "[t]he parties never talked about who would pay for the modification[.]" Pls.' Opp. Br. at 23 [ECF No. 12]. The parties *did* talk about who would pay: Plaintiffs demanded that Defendants pay for it. *See* Compl. ¶ 101; Certification of Wayne E. Pinkstone, Esq. (dated December 13, 2018) [hereinafter "Pinkstone Cert."], ¶2, Ex. A [ECF No. 2]; *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

Nor can Plaintiffs' eleventh hour offer to pay for the requested modifications – after filing suit – save this claim. As noted above, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Com. of Pa. ex rel. Zimmerman*, 836 F.2d at 181 (citation omitted).

Nor should Plaintiffs be heard to argue that they can merely correct this deficiency by filing a motion to file a supplemental pleading pursuant to Federal

Rule of Civil Procedure 15(d), since any such pleading (even if it *could* allege that Defendants denied a request to make modifications at Plaintiffs' expense – a fact that did not and has not occurred) would be futile because of the other flaws in Plaintiffs' FHA claim as to the lot and gate.

A proposed supplement pleading "is futile if the [supplemented] complaint would not survive a motion to dismiss." *Cnty. of Hudson v. Janiszewski*, 351 F. App'x. 662, 666 (3d Cir. 2009) (quoting *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000)); *see also Edelson v. Cheung*, No. 13-5870, 2017 WL 4220291, at *1 (D.N.J. Sept. 22, 2017) ("The differences in the wording of Rule 15(a) and 15(d) are semantic only, and courts in the Third Circuit generally apply the Rule 15(a) standard to Rule 15(d) motions and liberally grant leave to supplement.") (citation omitted). Even assuming, without admitting, that the modification requested here was reasonable/necessary, and that Plaintiffs offered to pay for the modification (which they unequivocally did not do),[1] the fact remains that this is a request for a

[1] Plaintiffs qualify their new offer to pay, by stating, unprompted, that Defendants may still be responsible for paying portions of those costs if they insist on additions to satisfy their "aesthetic standards." Pls' Opp. Br. 23, n.4 [ECF No. 12]. This issue is, of course, premature at this point, but it is important to note that "Plaintiffs are not entitled to the accommodation (or modification) of their choosing." *Weiss v. 2100 Condo. Ass'n, Inc.*, 941 F. Supp. 2d 1337, 1347 (S.D. Fla. 2013). Plaintiffs never provided plans for the proposed Sabbath-accessible gate, and their shoe-string plans for the path are likely insufficient. Although it may well be that Defendants cannot insist on additional items to satisfy their "aesthetic standards," Plaintiffs should bear in mind that they must, at least, bear the cost of

modification to a common use area that did not "exist," far removed from the premises they occupy or would have occupied within the meaning of the FHA. *See* Pinkstone Cert. ¶ 2, Ex. A; Compl. ¶ 101.

Plaintiffs' attempt to analogize their request to the one at issue in *Weiss* falls short, because in that matter, the plaintiffs requested the HOA to modify an *existing* staircase to turn it into a ramp, in order for their disabled son to access a beach, an *existing* common use area of the condominium in that case. *Weiss*, 941 F. Supp. 2d at 1340 (noting that HOA had previous staircase over dune allowing beach access). In contrast, there is no path on the lot (thirteen (13) houses down the block from Plaintiffs' house) to modify, and the gate at the end of this lot is not a common use area. *See* 24 C.F.R. § 100.201 (defining "common use areas" as "spaces or

---

additional "non-aesthetic" features required for their proposed modifications that are attendant to opening a new public egress to a gated community, which may include, for example: design, engineering, and construction costs; permitting/obtaining township permission and "necessary municipal approvals," Pl. Opp. Br. at 24 n.5 [ECF No. 12]; ancillary road/sidewalk work (such as installing a concrete apron) to connect the path to Gale Chambers Road, which outside of the community (so that wheelchairs, which have far less mobility than emergency vehicles, can safely access it); ensuring adequate lighting and security features exist; and even potentially defending against legal challenges that may be raised by residents (both inside and outside of the community) who, unlike Plaintiffs, *actually* live near the lot/gate. Ultimately, Defendants respectfully submit that the Court cannot order Defendants to make the proposed modifications without also ordering Plaintiffs to pay for all attendant costs to the requested modification, and any supplemental pleading must affirmatively state that Plaintiffs have offered and agreed to pay for all these costs.

elements," including "passageways among and between buildings" that "are made available for the use of residents of a building or the guests."); *see also In re Int'l Bldg. Components*, 159 B.R. 173, 180 (Bankr. W.D. Pa. 1993) ("A trial court may take judicial notice of geographical locations and boundaries.")

Indeed, Plaintiffs' own argument is laid bare when they argue that it is reasonable to request the modification of an "*existing* vacant lot." Pls.' Opp. Br. at 24 [ECF No. 12]. As with the Plaintiffs' expansive interpretation of the term "interference," *see infra* I.B., they similarly wish the FHA to be transformed into a tool that can force Defendants to remake any open space, located anywhere, to accommodate their disabilities (and religious requirements). Under Plaintiffs' interpretation, Defendants can be required to change any grass covered lot to build a gym, a scenic path, or other facilities. Every homeowner in the community could request that gates be added to the "existing" fences, or have paths plowed through trees surrounding the community, to access areas that are not common use areas.

Plaintiffs' interpretation of the term "existing premises" has no limit – if a gross covered lot and wire-shut gate, not accessible to the public, is an "existing premises," then everything is. Plaintiffs' claim can survive only if the Court rules that everywhere and anywhere that exists within Defendants' control, no matter how far away from Defendants' dwelling – "grass covered lots," abandoned property, etc. – is subject to Plaintiffs' demands to modify. This cannot be correct.

**B. Defendants Did Not "Interfere" With Plaintiffs' FHA Rights**

As a preliminary matter, Plaintiffs argue that the Third Circuit's decision in *Revock v. Cowpet Bay West Condominium Association*, 853 F.3d 96 (3d Cir. 2017) requires this Court to deny Defendants' motion to dismiss Plaintiffs' claim for violation of Section 3617 of the FHA (Count II). This is incorrect. Although the omission of *Revock* from Defendant's moving brief was inadvertent, that matter, which approvingly cited to the same authority relied upon by Defendants in their moving paper, *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337 (6th Cir. 1994), provides even further support for Defendants' motion to dismiss.

Both *Babin*, and *Revock*, provide that Section 3617's "prohibition on interference cannot be [interpreted as] so broad as to prohibit any action whatsoever tha[t] in any way hinders a member of a protected class." *Revock*, 853 F.3d at 113 (quoting *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003) (quoting *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 347 (6th Cir. 1994))) (internal quotation marks omitted).

Among the claims asserted by the plaintiffs in *Revock* was one for "interference" based on their allegation that the HOA did not review their request for an accommodation to its "no pets" rule. Plaintiffs are correct that the Third Circuit remanded that question to resolve a factual dispute as to whether the plaintiffs themselves barred the HOA from review of their requests, and noted that, if not, then

the HOA did "interfere" with the plaintiff's rights "by failing to review their requests for a reasonable accommodation of their disabilities." *Revock*, 853 F.3d at 114.

However, nowhere in their Complaint, nor their opposition papers, do the Plaintiffs come close to alleging facts that would bring them within a factually analogous situation to *Revock*. The Third Circuit's holding in *Revock* – that *failing* to review an application for an accommodation or modification constitutes "interference" under the FHA – is a far cry from what is alleged to have happened here: *denying* an application that was not justified under the law.

Plaintiffs attempt to sidestep this fact in two ways. First, they attempt to link Defendants' prior decision with respect to the Succah to their request for the modification to the lot and gate. These requests were separate and distinct and involve entirely different circumstances. Indeed, it appears that Plaintiffs tactically decided to run to Court now, before the Succah issue can be formally resolved, just so that they could bootstrap their meritless claims concerning the path/gate to the unrelated Succah issue, because they know their claims concerning the path/gate are insufficient as a matter of law.

Second, Plaintiffs assert that Defendants' "constantly shifting" reasons for denying their request with respect to the gate – such as it not being a regular access point, and being intended only for emergency vehicles – constitute interference. But Plaintiffs' subjective interpretation notwithstanding, those two reasons are

synonymous and reflect a consistent response to Plaintiffs' modification request. Nor does Plaintiffs' attempt to subjectively imbue Defendants innocuous statement, that a new path and gate would "change the character of the community," with nefarious intent transform Defendants' decision into "interference."[2]

Unlike the HOA in *Revock*, Defendants did not *refuse* or *fail* to consider Plaintiffs' request. They *considered* it, they *denied* it, and they were *entirely* within their rights to do so.

Nor does *Revock* vitiate Defendants' argument that Plaintiffs' interference claim cannot survive because their § 3604 rights were not violated by Defendants' refusal to agree to the modification request. *Revock* noted, without explanation or expansion (and without connection to the Court's holding), that "[a] Section 3617 claim does not require a substantive violation of Sections 3603–3606." *Revock*, 853 F.3d at 112. This *dictum* is correct, as explained by the Sixth Circuit, it is *possible* to assert a violation of Section 3617 without alleging/proving a violation of Sections 3603–3606:

[2] Indeed, although refuting Plaintiffs claims concerning the Succah is beyond the scope of this motion, the Court should note that Plaintiffs engage in the same effort to color Defendants' actions there with suspect motives based on nothing more than Plaintiffs' subjective opinions. *See* Pls' Opp. Br. 31-32 [ECF No. 12] ("[A]s Rabbi Lekowitz stated in a letter to Ms. Rivere, Defendants' 'apparent belief that some resident's objections to the mere presence of a sukkah must be taken into consideration . . . is nothing more than religious bigotry.'").

> An example confirms the freestanding nature of some § 3617 claims. Suppose Alice says to Bob, a prospective home buyer, "If a seller ever discriminates against you because of your race, sue him!" Eve, a racist eavesdropper, becomes enraged upon hearing this conversation and threatens to assault Alice. At this point, Eve has violated § 3617, regardless of whether she discriminated against Bob or otherwise violated the fair housing rights secured by §§ 3603–3606. Eve has "threaten[ed] ... [a] person," namely Alice. And this threat was "on account of [Alice's] having aided or encouraged any other person in the exercise or enjoyment of [a fair housing right]." Eve threatened Alice because Alice had encouraged Bob to protect himself against discrimination relating to housing. The statute requires no more.

*Hidden Vill., LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 528–29 (6th Cir. 2013); *see also United States v. City of Hayward*, 36 F.3d 832, 836 (9th Cir. 1994).

However, that is not what is alleged here, and it is not the basis of Defendants' motion. As noted in Defendants' moving papers, the Complaint contains *no* factual allegations of interference (other than bald/formulaic assertions of legal conclusions) that Defendants did anything other than deny Plaintiffs' request as to the gate and provide reasons, which Plaintiffs found unsatisfactory, inconsistent, and in their subjective view, evidenced an intent to discriminate.

Defendants' argument is not that there *needs* to be an independent violation of Sections 3603–3606 of the FHA in order to sustain *every conceivable* claim for interference under Section 3617, but rather that *Plaintiffs' asserted claim* for interference must fail because Plaintiffs had *no* right to the requested modification under Section 3604 and, therefore, Defendants were entirely within their rights to

deny it. Plaintiffs' "request" was not for a modification, at their own expense, to an existing premises they occupied, as provided for in Section 3604 and, as such, Defendants' denial of that request, alone, cannot constitute "interfere[nce] with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, *any right granted or protected by section 3603, 3604, 3605, or 3606 of this title*." 42 U.S.C.A. § 3617 (emphasis added).

Plaintiffs' interpretation of *Revock*, and the decisions upon which that case relies for the *dictum* cited by Plaintiffs, would completely erase this portion of the statute, rendering the FHA to impose a broad prohibition on "interfering," in *any way*, with *anything and everything* a handicapped person might wish to do, entirely divorced from their housing rights codified in the FHA. *See United States v. Kouevi*, 698 F.3d 126, 133-34 (3d Cir. 2012). This cannot be correct.

## II. THE PARTIES AGREE THAT PLAINTIFFS' NJLAD, PREDFDA, AND AIDING AND ABETTING CLAIMS ARE ENTIRELY DEPENDENT ON THEIR FHA CLAIMS

The Parties agree that Plaintiffs' NJLAD, PREDFDA, and Aiding and Abetting claims rise and fall on their FHA claims.[3] Accordingly, for the reasons set

[3] In a closing footnote, Plaintiffs' cite decisions to support the imposition of individual liability when individuals act on behalf of, or in furtherance of, discrimination by an entity, and then incorrectly state that "Defendants have not challenged the Defendant Board Members' direct, personal liability under the FHA

forth in Defendants' motion papers, if the Court dismisses Plaintiffs' FHA claims, Defendant respectfully submits that it must also dismiss these dependent claims as to all Defendants.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter an Order dismissing Counts I, II, III, V, and VI of the Complaint, insofar as they relate to Defendants' alleged refusal to construct a path and gate, pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED: February 1, 2019

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Defendants Westlake Master Association Inc., and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco*

By: */s/ Wayne E. Pinkstone*
WAYNE E. PINKSTONE
JOHN C. ATKIN

---

and NJLAD." Pls' Opp. Br. 37, n.9 [ECF No. 12]. This is plainly incorrect – Defendants have moved to dismiss *all* claims against *all* defendants (with respect to denial of the request to modify the lot/gate), not because no individual liability exists for violations of the FHA and NJLAD, but because Plaintiffs have failed to plead violations of the FHA and NJLAD as to *any* defendant, individual or otherwise.