**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:    Wayne E. Pinkstone, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ  08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
wpinkstone@foxrothschild.com
*Attorneys for Defendants Westlake*
*Master Association Inc., and Bobbie Rivere,*
*Dennis Lafer, Richard E. Fontana, Marie*
*Miller, James P. Garrett, David J. Whelan,*
*Michael W. Yudkin, Diane E. O'Connor,*
*and Peter J. Martinasco*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAKE   MASTER   ASSOCIATION, INC. ET AL.,<br><br>Defendants. | Civil Action No. 3:18-cv-14862-AET-TJB<br><br>**ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES & DEMAND FOR JURY TRIAL** |

Defendants Westlake Master Association Inc. ("Westlake HOA"), and Bobbie Rivere,

Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W.

Yudkin, Diane E. O'Connor, and Peter J. Martinasco (collectively "Defendants"), by way of

Answer to the First Amended Complaint ("Complaint") of Plaintiffs Rabbi Philip Lefkowitz, Levi

Lefkowitz, and Moshe Lefkowitz (collectively "Plaintiffs"), state:

**NATURE OF THE ACTION**

1.      To the extent this paragraph merely characterizes the nature of the allegations in

the Complaint, no response is required because the Complaint speaks for itself.  To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

2.     Defendants admit only that Westlake HOA has denied Plaintiffs' request to open the gate at the end of the empty, grass-covered lot abutting Gale Chambers Road, far removed from Plaintiff's home at 27 Crooked Stick Road, and install a path on the empty, grass-covered lot.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the first three sentences of this paragraph. The remaining allegations of this paragraph are denied.

3.     This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

4.     To the extent this paragraph merely characterizes the nature of the allegations in the Complaint, no response is required because the Complaint speaks for itself.  To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

## PARTIES

5.     Admitted.

6.     Admitted.

7.     Defendants admit only that Moshe Lefkowitz is Rabbi Lefkowitz's son. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and therefore deny the same.

8.     Admitted.

9.     This paragraph contains legal argument or other conclusions of law as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, Defendant's admit only that the Westlake Master Association, Inc. is a New Jersey non-profit corporation.

10.     Defendants admit only that defendant, Bobbie Rivere, resides in Westlake at 10 Pine Valley Road, Jackson, New Jersey.  The remaining allegations of this paragraph are denied.

11.     Defendants admit only that defendant, Dennis Lafer, resides in Westlake at 11 Shoal Road, Jackson, New Jersey, and is a member of the Board of Trustees of the Westlake Master Association, Inc. The remaining allegations of this paragraph are denied.

12.     Defendants admit only that defendant, Richard E. Fontana, resides in Westlake at 114 Wild Dunes Way, Jackson, New Jersey.  The remaining allegations of this paragraph are denied.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Defendants admit only that defendant, Michael W. Yudkin, resides in Westlake at 34 Inverness Lane, Jackson, New Jersey.  The remaining allegations of this paragraph are denied.

17.     Admitted.

18.     Admitted.

19.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

## JURISDICTION AND VENUE

20.      This paragraph contains legal argument or other conclusions of law as to which no response is required.

21.      This paragraph contains legal argument or other conclusions of law as to which no response is required.

## FACTS COMMON TO ALL COUNTS

### The Lefkowitzes' Jewish Faith and Handicaps

22.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 and therefore deny the same.

23.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 and therefore deny the same.

24.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 and therefore deny the same.

25.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 and therefore deny the same.

26.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 and therefore deny the same.

27.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 and therefore deny the same.

28.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 and therefore deny the same.

29.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 and therefore deny the same.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 and therefore deny the same.

**The Lefkowitzes Move to Jackson**

31.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 and therefore deny the same.

32.     Defendants admit only that Rabbi Lefkowitz purchased the property located at 27 Crooked Stick Road.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 32 and therefore deny the same.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore deny the same.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 and therefore deny the same.

**Rabbi Lefkowitz's Attempts to Construct a Sukkah**

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     Defendants admit only that Rabbi Lefkowitz emailed Steven B. Hodges, the property manager for Westlake HOA on October 13, 2016.  The remaining allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

42.     Defendants admit only that Steven B. Hodges responded to Rabbi Lefkowitz's email on October 13, 2016.  The remaining allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and therefore deny same.

44.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

45.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

46.     Defendants admit only that Rabbi Lefkowtiz submitted a hand-drawn plan of a proposed Sukkah.  The remaining allegations of this paragraph are denied.

47.     The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions of law, to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 and therefore deny same.

49.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 and therefore deny the same.

51.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore deny the same.  The allegations of this paragraph also contain legal argument or other conclusions of law, to which no response is required.

52.     Defendants deny the allegations set forth in the first sentence of Paragraph 52. The remaining allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the remaining allegations of this paragraph vary from that document, they are denied.

53.     The allegations in this paragraph refer to a written document, which speaks for itself, to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 and therefore deny the same.

55.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

56.     This paragraph contains legal argument or other conclusions as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

57.     The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions, to which no response is required.   To the extent the allegations of this paragraph vary from that document, they are denied.

58.     The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions, to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

59.     This paragraph contains legal argument or other conclusions of law as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

60.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

61.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

62.     Defendants admit only that Bobbie Rivere responded to Rabbi Lefkowitz's May 2, 2017 letter on September 19, 2017.

63.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

64.     The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions, to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

65.     The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions, to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

66.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

67.     Defendant's admit only that Rabbi Lefkowitz's house has a patio.  The remaining allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions, to which no response is required.  To the extent the remaining allegations of this paragraph vary from that document, they are denied.

68.     This paragraph contains legal argument or other conclusions as to which no response is required.

69.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

70.     Denied.

71.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

72.     Denied.

73.     Defendants admit only that on March 15, 2018, Rabbi Lefkowitz wrote to the Board. The remaining allegations of this paragraph are denied.

74.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

75.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

76.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

77.     Denied.

78.     Defendants admit only that counsel for both parties exchanged correspondence in June, July, and August 2018, which documents speaks for themselves, and to which no response is required.  To the extent the allegations of this paragraph vary from those documents, they are denied.

79.     Admitted.

80.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

81.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

**The Gate Opening on to Gale Chambers Road**

82.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

83.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

84.     Defendants admit only that the gate at the end of the empty, grass-covered lot abutting Gale Chambers Road, far removed from Plaintiff's home at 27 Crooked Stick Road, is locked.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 84 and therefore deny the same.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 and therefore deny the same.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86 and therefore deny the same.

87.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

88.     Defendants admit only that Rabbi Lefkowitz requested that the Westlake HOA open the gate at the end of the empty, grass-covered lot abutting Gale Chambers Road, far removed from Plaintiff's home at 27 Crooked Stick Road, and install a path on the empty, grass-covered

lot.  The remaining allegations of this paragraph legal argument or other conclusions of law as to which no response is required.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 and therefore deny the same.

90.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

91.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

92.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

93.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

94.     This paragraph contains legal argument or other conclusions as to which no response is required.

95.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

96.     This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

97.     This paragraph contains legal argument or other conclusions as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

98.     This paragraph contains legal argument or other conclusions as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

99.     This paragraph contains legal argument or other conclusions as to which no response is required.   To the extent this paragraph contains factual allegations directed to Defendants that require a response, they are denied.

100.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.   To the extent the allegations of this paragraph vary from that document, they are denied.

101.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.   To the extent the allegations of this paragraph vary from that document, they are denied.

102.     The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.   To the extent the allegations of this paragraph vary from that document, they are denied.

103.     Admitted.

104.     Defendants admit only that Defendants rejected Plaintiff's request that the Westlake HOA open the gate at the end of the empty, grass-covered lot abutting Gale Chambers Road, far removed from Plaintiff's home at 27 Crooked Stick Road, and install a path on the empty, grass-covered lot, at the September 20, 2018 meeting.

105.    The allegations in this paragraph refer to a written document, which speaks for itself, and to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

106.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

**COUNT I**
**(FAIR HOUSING ACT – 42 U.S.C. § 3604)**

107.    Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

108.    This paragraph contains legal argument or other conclusions of law as to which no response is required.

109.    This paragraph contains legal argument or other conclusions of law as to which no response is required.

110.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

111.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

112.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

## COUNT II
### (FAIR HOUSING ACT – 42 U.S.C. § 3617)

113.     Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

114.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

115.     This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

116.     This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

117.     This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

## COUNT III
### (NJ LAW AGAINST DISCRIMINATION)

118.     Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

119.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

120.     This paragraph contains legal argument or other conclusions of law as to which no response is required.

121.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

122.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

123.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

124.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

### COUNT IV
### (BREACH OF THE ASSOCIATION'S GOVERNING DOCUMENTS)

125.    Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

126.    The allegations in this paragraph refer to a written document, which speaks for itself, as well as legal argument or other conclusions of law, to which no response is required.  To the extent the allegations of this paragraph vary from that document, they are denied.

127.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

128.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

**COUNT V**
**(BREACH OF THE PREDFDA)**

129.    Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

130.    This paragraph contains legal argument or other conclusions of law as to which no response is required.

131.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

132.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

133.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

134.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

## COUNT VI
### (AIDING AND ABETTING VIOLATIONS OF THE FHA AND NJLAD)

135.    Defendants repeat their responses to the foregoing paragraphs as if set forth at length herein.

136.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

137.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

138.    This paragraph contains legal argument or other conclusions of law as to which no response is required.  To the extent this paragraph contains factual allegations requiring a response, they are denied.

### AFFIRMATIVE DEFENSES

Defendants Westlake Master Association Inc. ("Westlake HOA"), and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco (collectively "Defendants"), through their attorneys, Fox Rothschild, LLP, state their Affirmative Defenses to Plaintiffs Rabbi Philip Lefkowitz, Levi Lefkowitz, and Moshe Lefkowitz's (collectively "Plaintiffs") Complaint and Demand for Jury Trial as follows:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

3.    Plaintiffs' claims are barred by the applicable statute(s) of limitations and/or repose.

4.      Defendants did not discriminate against Plaintiffs.

5.      Defendants did not refuse any reasonable accommodation request made by Plaintiffs.

6.      Defendants did not refuse any reasonable modification request made by Plaintiffs.

7.      Defendants did not interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by the Fair Housing Act, 42 U.S.C. 3601, *et seq.*

8.      Defendants did not violate the Fair Housing Act, 42 U.S.C. 3601, *et seq.*

*9.*      Defendants did not violate the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

*10.*      Defendants did not breach the governing documents of the Westlake HOA.

11.      Defendants did not violate the Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-1, *et seq.*

12.      Defendants Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco did not aid or abet any violation of Fair Housing Act, 42 U.S.C. 3601, *et seq.* or the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.*

13.      All of Defendants' actions in this matter were justified.

14.      Defendants did not engage in illegal or unethical conduct.

15.      At all times, Defendants acted in good faith and without malice.

16.      Defendants performed each and every duty owed to Plaintiffs, if any, and breached no duty owed to Plaintiffs.

17.     Plaintiffs have not suffered injuries, damages, or other losses.

18.     Plaintiffs failed to mitigate their alleged damages, or other losses.

19.     The nature, origin, causation, amount and extent of the damages and losses claimed are at issue, and Defendants demand proof of the same by Plaintiffs as required by law.

20.     The damages, or losses alleged in the Complaint, which are denied, are not the result of any wrongful, negligent, reckless, or intentional act or omission of Defendants.

21.     Plaintiffs' alleged damages, or losses, which are denied, were caused by the act or omission of other third persons or entities over whom Defendants had no control or no duty to control.

22.     The Complaint does not describe the claims made by Plaintiffs' Complaint with sufficient particularity to enable Defendants to determine what additional defenses they may have in response to Plaintiffs' Complaint.  Defendants therefore reserve the right to assert all defenses which may be pertinent to the Complaint once the precise nature of such claims is ascertained through discovery.

**WHEREFORE**, Defendants demand judgment in their favor and against Plaintiffs, dismissing the Complaint and awarding Defendants their reasonable attorneys' fees, costs of suit, and such other or further relief as the Court deems just, equitable, or appropriate.

Dated:  May 7, 2019                     Respectfully submitted,

FOX ROTHSCHILD, LLP

*Attorneys for Defendants Westlake Master Association Inc., and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. J. Martinasco, Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter*

Wayne E. Pinkstone, Esq.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 38.1, Defendants hereby demand a jury trial on all issues so triable.

Dated:  May 7, 2019

_____
Wayne E. Pinkstone, Esq.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify under penalty of perjury that the matter in controversy is not the subject of any other action or proceeding pending in any other court or any pending arbitration or administrative proceeding.

DATED:  May 7, 2019

_____
Wayne E. Pinkstone, Esq.