# EXHIBIT 2


**Fox Rothschild** LLP
ATTORNEYS AT LAW

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

WAYNE E. PINKSTONE
Direct No: 609.895.7063
Email: WPinkstone@FoxRothschild.com

November 27, 2019

**VIA EMAIL**
Gregory J. Bevelock, Esq.
Bevelock & Fisher LLC
14 Main Street, Suite 200
Madison, NJ 07940

Re:  **Lefkowitz, et al. v. Westlake Master Association, Inc., et al.**
     **Civil Action No.: 3:18-cv-14862-AET-ZNQ**

Dear Mr. Bevelock:

As you know, we represent Defendants Westlake Master Association Inc., Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco's (collectively "Defendants") in the above-referenced matter. We write in response to your letters of November 14, 2019 and November 22, 2019, regarding purported deficiencies in Defendants' document responses and production.

We have also reviewed the responses of Plaintiffs Rabbi Philip Lefkowitz, Levi Lefkowitz, and Moshe Lefkowitz (collectively, "Plaintiffs") to the Defendants' First Set of Interrogatories and First Request for Production of Documents and write regarding certain deficiencies contained therein.

## I.  Response to Plaintiffs' Deficiency Letters

### A.  November 22, 2019 Letter

Defendants undertook an expansive document collection and review effort in response to Plaintiffs' numerous requests for production. Each individual defendants' emails and text messages have been collected and reviewed. Likewise, the Property Managers files, including the homeowner file for Plaintiffs', and the email account belonging to Steve Hodges have been collected, reviewed, and responsive, non-privileged documents produced. Documents were de-duplicated, with relevant metadata maintained for production.

A Pennsylvania Limited Liability Partnership

California  Colorado  Delaware  District of Columbia  Florida  Georgia  Illinois  Minnesota
Nevada  New Jersey  New York  North Carolina  Pennsylvania  South Carolina  Texas  Washington

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Gregory J. Bevelock, Esq.
November 27, 2019
Page 2

Contrary to Plaintiffs' contentions, Defendants have no responsibility to track down former members of the Board, over which the Association has no control, and require that they provide the Association documents. If Plaintiffs feel that documents must be collected from some unidentified individual, Plaintiffs are free to subpoena them.

With respect to Plaintiffs' complaint that they are unable to determine which documents belong to which Defendant, we note that as is customary in cases of this size, Defendants initially provided to Plaintiffs' counsel a document production with data load files for a document review program. That production included all relevant metadata for each email produced, including a designation in the custodian field of each Defendant that had each respective email in their possession. Plaintiffs' counsel, however, chose not to accept or was unable to access that production and specifically requested plain PDF files. Because Defendants have already provided this information to Plaintiffs' counsel, Defendants will not create an index or other document for Plaintiffs' convenience.

With respect to Plaintiffs' contention that Defendants appear to be withholding documents, based on nothing more than the fact that Defendants' responses include such statements as "Documents relating to Plaintiffs' requests and actions with respect to a sukkah are produced herewith," or "Documents relating to Plaintiffs' requests and actions with respect to a gate and path are produced herewith," such statements are directly responsive to the requests for production that they respond to—the sukkah or gate/path respectively. Defendants have, in their production included all responsive, non-privileged documents within the time frame of Plaintiffs' move into Westlake through filing of Plaintiffs' complaint. Documents withheld for privilege have been included in Defendants' privilege log. This satisfies Defendants' obligations under the Federal Rules.

With respect to the time period of responsive documents produced, Defendants contend that the relevant period of discovery is January 1, 2016 to the date that the Complaint was filed, October 11, 2018. Post-complaint requests and evaluations of the same are settlement communications not subject to submission in court and therefore irrelevant to the resolution of Plaintiffs' claims. *See* FRE 408.

Plaintiffs' contention that all non-privileged relevant documents have not been produced because there is not enough discussion between Board members is without merit. Along with their document production Defendants also served a privilege log with 500 entries. Where Board members sought, received, and considered legal advice regarding Plaintiffs' requests, those communications are privileged. *See In re Ford Motor Co.*, 110 F.3d 954, 966 (3d Cir. 1997) (meeting minutes recording discussion between the committee and general counsel protected by attorney client privilege because communications were made for purpose of securing legal advice).

Finally, with respect to Plaintiffs' claimed deficiencies in Defendants' interrogatory responses, contrary to Plaintiffs' assertions, IRog Nos. 2, 3, and 4 provide a narrative response. Such interrogatory responses state that "Defendant supported the responses made by the Board to

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Gregory J. Bevelock, Esq.
November 27, 2019
Page 3

Rabbi Lefkowitz's requests at the time they were made based on the information provided to the Board by Rabbi Lefkowitz and the information available to the Board at that time." Thus, Plaintiffs' objection is without basis.

With respect to WRog Nos. 1, 3, and 5, Plaintiffs made broad requests for all facts, circumstances, analyses and reasons underlying the denial of Plaintiffs' Gate/Path Request, the Purported Temporary Sukkah Request, and the Screened Porch/Sukkah Requests. A complete answer to such interrogatories requires a synthesis of all communications and records produced by Defendants up to the date of the request. Documents regarding Defendants' decisions on these requests include, but are not limited to WESTLAKE0000521-WESTLAKE0000645.

With respect to WRog No. 9, Plaintiffs' objection is likewise without basis as Defendants' responses specifically identifies the relevant document—"the site plan produced with the Master Deed." To the extent Plaintiffs need assistance in locating the site plan in the Master Deed, it is at WESTLAKE0000440-WESTLAKE0000456.

**B.     November 14, 2019 Letter**

Defendants maintain their objections that Plaintiffs' requests for all documents relating to Orthodox Jews, all documents relating to determinations of other residents request for accommodation, and all documents relating to the Residential Purposes Amendment are overbroad, unduly burdensome, vague, harassing, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' request for all documents relating to Orthodox Jews is grossly overbroad and would encompass any random news article delivered into a Board member's mailbox such as a daily email from a local news source. Such articles have no relevance to Plaintiffs' claims or the evaluation of Plaintiffs' requests pursuant to the bylaws. This request would also encompass any personal communication with friends or family of certain Board members that have no connection to this case. Such communications are simply not relevant. Communications and documents regarding and referencing the Lefkowitz's have been produced.

Likewise, Plaintiffs' request for all documents regarding other residents' request for accommodation is unduly broad and not calculated to lead to the discovery of admissible evidence. Indeed, any search for such information would involve the enormous task of reviewing years of homeowners' files of the over 1400 residences in Westlake. Requests for home modifications are reviewed on an individualized basis. The facts and requests made by one resident is not relevant to the determination of the Lefkowitz' requests.

Finally, Plaintiffs' requests for all documents relating to the Residential Purposes Amendment is nothing short of a fishing expedition. *See Claude P. Bamberger Int'l, Inc. v. Rohm & Haas Co.*, No. CIV. 96-1041 (WGB), 1998 WL 684263, at *2 (D.N.J. Apr. 1, 1998) ("[D]iscovery is not intended as a fishing expedition permitting the speculative pleading of a case

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Gregory J. Bevelock, Esq.
November 27, 2019
Page 4

first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.") (quoting *Zuk v. Eastern Pa. Psychiatric Inst. of Med. College of Pa.*, 103 F.3d 294, 299 (3d Cir. 1996)). Despite knowing of the Residential Purposes Amendment prior to the filing of the Complaint, Plaintiffs have never asserted a claim based on that Amendment. Plaintiffs have likewise filed an Amended Complaint, which remains devoid of claims based on the Residential Purposes Amendment. Thus, Defendants assert that Plaintiffs' request for all documents relating to that amendment is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## II. Deficiencies in Plaintiffs' Responses to Defendants' Interrogatories and Requests for the Production of Documents[1]

### A. Requests for Production of Documents:

As an initial matter we note that Defendants served requests for production of documents on each of the three plaintiffs, individually. Plaintiffs' production, however, is one volume of documents simply stamped "L". Plaintiffs have produced documents only in PDF form, thus no metadata for any emails or computer files was produced. Accordingly, it is impossible for Defendants to determine which documents, aside from emails, were in the possession of each Plaintiff. Please identify which documents belong to each of the named plaintiffs and/or certify that a particular plaintiff does not have any responsive documents in his possession custody or control.

With respect to the production of communications, only email correspondence to or from Rabbi Lefkowitz was produced. Please produce all responsive correspondence to or from Levi Lefkowitz and Moshe Lefkowitz. Furthermore, aside from a few emails, it appears that only public correspondence, for example Rabbi Lefkowitz' articles and letters posted on websites, or correspondence to the Board and/or Property Manager have been produced. Nevertheless, it appears that Rabbi Lefkowitz had communications relevant to the instant litigation with other individuals. Please produce all relevant communications regardless of whether they are with the Board or others. Please also explain the scope of the search for documents undertaken by Plaintiffs.

Plaintiffs assert objections based on "attorney-client privilege, common interest privilege, work-product doctrine, or any other privilege or immunity afforded by law" in response to RFP Nos. 1, 2, 3, 4, 5, 9, 12, 14, 15, 16, 17, 21, 23, 25, 27, 28, 29, and 31. Nevertheless, Plaintiffs have failed to produce a privilege log. Under Fed. R. Civ. P. 26(b)(5)(A), a party withholding information or documents on grounds of privilege or protection as trial preparation materials must describe the nature of the documents or communications not produced or disclosed. Despite Plaintiff's privilege-based objection, he has not served the privilege log required by Fed. R. Civ.

---

[1] The deficiencies described here apply to the Responses to Requests for Production and Responses to Interrogatories of all three Plaintiffs.

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Gregory J. Bevelock, Esq.
November 27, 2019
Page 5

P. 26(b)(5)(A). As a result, Defendants cannot evaluate the applicability of Plaintiff's claim of privilege.

Accordingly, please withdraw your objection, and either produce responsive documents or information you withheld on grounds of privilege or serve a privilege log identifying all documents for which Plaintiff claims a privilege.

  **B.**  **Responses to Interrogatories**

As an initial matter, we note that Moshe Lefkowitz and Levi Lefkowitz's responses to interrogatories state that they answered with the assistance of Rabbi Lefkowitz. Nevertheless, their interrogatory responses fail to identify the substance of Rabbi Lefkowitz's contribution to each of their answers as directed. Please amend Moshe Lefkowitz and Levi Lefkowitz's interrogatory responses to identify, for each answer, the substance provided by Rabbi Lefkowitz.

In addition, Defendants identify the following specific deficiencies:

Interrogatory No. 9: State and itemize, in complete detail, any and all damages, costs, or expenses for which you seek recovery in this Action

> Deficiency: Plaintiffs responded to this Interrogatory by stating "Plaintiffs are seeking an award of actual damages for their pain, suffering, and emotional distress and for punitive damages in an amount to be determined by a jury at trial, and for an award of attorney's fees." This answer fails to itemize the costs and damages Plaintiffs are seeking to recovery, specifically their alleged amount of pain and suffering. Please provide the requested information.

Interrogatory No. 11: Identify each and every time you were provided with or referred to the Association's rules, regulations, or by-laws.

> Deficiency: Plaintiffs' response refers Defendants to the documents produced by Plaintiffs. This is non responsive in that it neither identifies the document to which Defendants are referred nor gives the date and person from which the rules, regulations, and by-laws were received. Please supplement Plaintiffs' responses to provide the requested information.

Interrogatory Nos. 19 and 20: These interrogatories request that the answer Plaintiff describe communications had with the other Plaintiffs and identify responsive documents.

> Deficiency: Plaintiffs respond that "various" discussions were had. This is nonresponsive in that it fails to "describe" communications between the Plaintiffs as that term is defined in the instructions. "Describe" requires the answering Plaintiff to "state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion, or other occurrence in question; the date, time, place, and identity of

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Gregory J. Bevelock, Esq.
November 27, 2019
Page 6

all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired." Plaintiffs have also failed to identify any documents responsive to this interrogatory. Please supplement Plaintiffs' responses to provide the requested information.

Interrogatory No. 21: Describe all communications, at any time, between Plaintiff and any individual about Plaintiff's requests to construct a temporary sukkah and/or a screened porch at the property at 27 Crooked Stick Road and if the communication is in the form of a writing, attach the document to Your response.

Deficiency: Plaintiffs' response refers Defendants to the documents produced by Plaintiffs. This is none responsive in that it fails to identify, let alone describe, any communications. Please supplement Plaintiffs' responses to provide the requested information.

Please provide more specific answers and documents concerning the matters addressed above.

Very truly yours,

Wayne E. Pinkstone.