# EXHIBIT 3

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:   Wayne E. Pinkstone, Esq.
      Allison L. Hollows, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
wpinkstone@foxrothschild.com
*Attorneys for Defendants Westlake Master Association Inc., and Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAKE MASTER ASSOCIATION, INC. ET AL.,<br><br>Defendants. | Civil Action No. 3:18-cv-14862-AET-ZNQ<br><br>**DEFENDANT WESTLAKE MASTER ASSOCIATION, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE <u>PRODUCTION OF DOCUMENTS</u>** |

Pursuant to Fed. R. Civ. P. 34 and Local Rule 34.1, Defendant Westlake Master Association, Inc. ("Defendant"), by and through its counsel, Fox Rothschild LLP, hereby responds to Plaintiffs' First Set of Requests for the Production of Documents, the terms of which are incorporated herein, as follows:

seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Subject to and without waiving any objections, Defendant responds as follows: See documents produced herewith.

53.     All Documents relating to Orthodox Jews.

**RESPONSE:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.

54.     All Documents relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean County, New Jersey.

**RESPONSE:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.

55. All Documents reflecting any communications by You with any other Person, including without limitation any other Defendant, relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean County, New Jersey.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.**

56. All Documents relating to the Association's adoption of the Residential Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

57. All Documents relating to Defendants' reviews and/or evaluations of the Residential Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

58. All Documents reflecting the reasons the Association adopted the Residential Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

59. All minutes of meetings of the Association's Board relating to the adoption of the Residential Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

60. All expert reports prepared for You related to the Litigation, as well as all Documents made or relied upon, by the expert, or anyone acting on the expert's behalf, in formulating or compiling that report.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Defendant further objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Subject to and without waiving any objections, Defendant states that it has not yet retained an expert witness and reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and applicable Scheduling Orders.**

61. All videotapes, film, photographs (film or digital), slides, digital recordings or sound recordings relating to any matter set forth in the pleadings in this Litigation.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Subject to and without waiving any objections, Defendant responds as follows: See documents produced herewith.**