# EXHIBIT 4

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:    Wayne E. Pinkstone, Esq.
        Allison L. Hollows, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
wpinkstone@foxrothschild.com
*Attorneys for Defendants Westlake*
*Master Association Inc., and Bobbie Rivere,*
*Dennis Lafer, Richard E. Fontana, Marie*
*Miller, James P. Garrett, David J. Whelan,*
*Michael W. Yudkin, Diane E. O'Connor,*
*and Peter J. Martinasco*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL.,<br><br>                  Plaintiffs,<br><br>v.<br><br>WESTLAKE MASTER ASSOCIATION,<br>INC. ET AL.,<br><br>                  Defendants. | Civil Action No. 3:18-cv-14862-AET-ZNQ<br><br><br><br>**DEFENDANT BOBBIE RIVERE'S**<br>**RESPONSES TO PLAINTIFFS' FIRST**<br>**SET OF REQUESTS FOR THE**<br>**PRODUCTION OF DOCUMENTS** |

Defendant Bobbie Rivere ("Defendant" or "Rivere") hereby responds to Plaintiffs' First

Set of Requests for the Production of Documents as follows:

**GENERAL OBJECTIONS**

1.       Defendant objects to each and every Request, Instruction, and Definition to the

extent they seek to elicit documents or information protected by the attorney-client privilege, the

attorney work product doctrine, and/or any other applicable statutory or common law privilege or

protection. Nothing contained in these objections or responses is intended as, or shall in any way

34.     All Documents relating to Orthodox Jews.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.**

35.     All Documents relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean County, New Jersey.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.**

36.     All Documents reflecting any communications by You with any other Person, including without limitation any other Defendant, relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean County, New Jersey.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that it is vague and ambiguous. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case.**

18

37.     All Documents relating to the Association's adoption of the Residential Purposes

Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

38.     All Documents reflecting the Association's reasons for adopting the Residential

Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

39.     All Documents relating to Defendants' reviews and/or evaluations of the

Residential Purposes Amendment.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product**

19

doctrine, and any other applicable statutory or common law privileges or protections. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Request on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.

40.    All Documents, including all notebooks, notes, emails, and any other Document,

electronic or otherwise, relating to Your service on the Board.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant objects to the Request to the extent that it is repetitive in nature, excessive and harassing. Defendant further objects to this Request on the grounds that it is over broad, unduly burdensome, not proportional to the needs of the case. Defendant further objects to this Request on the grounds that it calls for information or the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.**

41.    All expert reports prepared for You related to the Litigation, as well as all

Documents made or relied upon, by the expert, or anyone acting on the expert's behalf, in

formulating or compiling that report.

**RESPONSE:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Request on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Defendant further objects to this Request to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Subject to and without waiving any objections, Defendant states that it has not yet retained an expert witness and reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure and applicable Scheduling Orders.**