# EXHIBIT 6

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:      Wayne E. Pinkstone, Esq.
           Allison L. Hollows, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
wpinkstone@foxrothschild.com
*Attorneys for Defendants Westlake*
*Master Association Inc., and Bobbie Rivere,*
*Dennis Lafer, Richard E. Fontana, Marie*
*Miller, James P. Garrett, David J. Whelan,*
*Michael W. Yudkin, Diane E. O'Connor,*
*and Peter J. Martinasco*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>WESTLAKE MASTER ASSOCIATION, INC. ET AL.,<br><br>Defendants. | Civil Action No. 3:18-cv-14862-AET-ZNQ<br><br><br>**DEFENDANT WESTLAKE MASTER ASSOCIATION, INC.'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-13)** |

Pursuant to Fed. R. Civ. P. 33 and Local Rule 33.1, Defendant Westlake Master Association Inc. ("Defendant"), by and through its counsel, Fox Rothschild LLP, hereby responds to Plaintiffs' First Set of Interrogatories (Nos. 1-13), the terms of which are incorporated herein, as follows:

**Interrogatory No. 7.**

Describe in detail the facts, circumstances, analyses and reasons underlying the Association's adoption of the Residential Purposes Amendment.

**ANSWER:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant further objects to this Interrogatory on the grounds that it is over broad, unduly burdensome, and not limited in time. Defendant specifically objects to this Interrogatory on the grounds that it calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.**

**Interrogatory No. 8.**

Identify all Persons with knowledge of the subject matter of Interrogatory No. 7.

**ANSWER:**

**Defendant incorporates its General Objections in response to this Interrogatory. Subject to the foregoing objections, and without waiver of same, Defendant responds as follows: See the answer to Interrogatory No. 7.**

**Interrogatory No. 9.**

Identify and describe the location of all entrances and exits to Westlake, including without limitation all entrances for pedestrians, vehicles, emergency vehicles, and construction vehicles.

**ANSWER:**

**Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory on the grounds that it calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, Defendant refers Plaintiffs to the site plan produced with the Master Deed in response to Plaintiffs' First Requests for Production of Documents.**