# EXHIBIT 7

**FOX ROTHSCHILD LLP**
Formed in the Commonwealth of Pennsylvania
By:     Wayne E. Pinkstone, Esq.
         Allison L. Hollows, Esq.
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel: (609) 896-3600
Fax: (609) 896-1469
wpinkstone@foxrothschild.com
*Attorneys for Defendants Westlake*
*Master Association Inc., and Bobbie Rivere,*
*Dennis Lafer, Richard E. Fontana, Marie*
*Miller, James P. Garrett, David J. Whelan,*
*Michael W. Yudkin, Diane E. O'Connor,*
*and Peter J. Martinasco*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PHILIP LEFKOWITZ, ET AL.,<br><br>  Plaintiffs,<br><br>v.<br><br>WESTLAKE MASTER ASSOCIATION, INC. ET AL.,<br><br>  Defendants. | Civil Action No. 3:18-cv-14862-AET-ZNQ<br><br>**DEFENDANT BOBBIE RIVERE'S ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-9)** |

Defendant Bobbie Rivere ("Defendant" or "Rivere") hereby answers Plaintiffs' First Set of Interrogatories (Nos. 1-9) as follows:

**GENERAL OBJECTIONS**

1.  Defendant objects to each and every Interrogatory, Instruction, and Definition to the extent they seek to elicit documents or information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable statutory or common law privilege or protection. Nothing contained in these objections or responses is intended as, or shall in any

documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant further objects to this Interrogatory on the grounds that it is over broad, unduly burdensome, and not limited in time. Defendant also objects to this Interrogatory on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Subject to and without waiving any objections, Defendant responds as follows: Defendant supported the responses made by the Board to Rabbi Lefkowitz's requests at the time they were made based on the information provided to the Board by Rabbi Lefkowitz and the information available to the Board at that time. See documents produced in response to the Requests for Production served on Defendant and Westlake.

**Interrogatory No. 4.**

State whether You voted for or against Plaintiffs' Gate / Path Request and describe in detail

the facts, circumstances, analyses and reasons underlying Your position.

**ANSWER:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant further objects to this Interrogatory on the grounds that it is over broad, unduly burdensome, and not limited in time. Defendant also objects to this Interrogatory on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Subject to and without waiving any objections, Defendant responds as follows: Defendant supported the responses made by the Board to Rabbi Lefkowitz's requests at the time they were made based on the information provided to the Board by Rabbi Lefkowitz and the information available to the Board at that time. See documents produced in response to the Requests for Production served on Defendant and Westlake.

**Interrogatory No. 5.**

State whether You voted for or against the Residential Purposes Amendment and describe

in detail the facts, circumstances, analyses and reasons underlying Your position.

**ANSWER:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant further objects to this Interrogatory on the grounds that it is over broad, unduly

burdensome, and not limited in time. Defendant specifically objects to this Interrogatory on the grounds that it calls for information that is irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that Plaintiffs have not made any allegations or asserted any claims regarding or related to the Residential Purposes Amendment.

**Interrogatory No. 6.**

Identify all Persons that You may call as witnesses in the trial in this Litigation, or whose

affidavit or certification You may submit to the Court in this Litigation.

**ANSWER:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory to the extent it seeks documents or information subject to the attorney-client privilege, attorney work product doctrine, and any other applicable statutory or common law privileges or protections. Defendant further objects to this Interrogatory on the grounds that it is over broad, unduly burdensome, and not limited in time. Defendant also objects to this Interrogatory on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Defendant also objects to this Interrogatory on the grounds that it seeks to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure. Subject to and without waiving any objections, Defendant responds as follows: Defendant has not yet determined whom it will call at trial as a witness and will disclose any witnesses that it may call at trial in accordance with the Federal Rules of Civil Procedure and Scheduling Order in this case.

**Interrogatory No. 7.**

Identify all Persons whom You may rely upon as an expert at the trial in this Litigation,

including the subject matter on which such proposed expert is expected to testify.

**ANSWER:**

Defendant incorporates by reference the above-stated General Objections as if fully set forth herein. Defendant specifically objects to this Interrogatory on the grounds that it has not completed its investigation of the facts pertinent to this litigation, has not completed discovery, and has not completed its trial preparation. Defendant also objects to this Interrogatory on the grounds that it seeks to impose obligations on Defendant beyond those imposed by the Federal Rules of Civil Procedure. Subject to and without waiving any objection, Defendant has not yet determined whom it will call at trial as an expert witness and will disclose any expert witnesses in accordance with the Federal Rules of Civil Procedure and Scheduling Order in this case.