# EXHIBIT 8

Prepared By:

*[signature]*

Ronald L. Perl, Esq.

# WESTLAKE MASTER ASSOCIATION, INC.
# Amendments to Declaration and Bylaws

This is an Amendment of the Declaration and Bylaws of the Westlake Master Association, Inc., pursuant to a certain Amended and Restated Declaration of Covenants, Easements and Restrictions and Amended and Restated By-Laws recorded in the Office of the Ocean County Clerk on January 20, 2009 in **Deed Book 14191 at Page 0056**, et seq.

RECORD &RETURN TO:

Ronald L. Perl, Esq.
Hill Wallack LLP
21 Roszel Road
Princeton, NJ 08534

*This is not a certified copy* (watermark)

{05350397; 3}

# Westlake Master Association, Inc. Amendments to Declaration and Bylaws

**Declaration Amendments**

1. **Article I is hereby amended to include a new Section 1.38 as follows:**

    1.38 (New) "Residential purposes" shall mean used solely as a place to live. Holding or conducting regular meetings, presentations, assemblies or other gatherings, to which members of the public are invited, shall not constitute a residential purpose and are prohibited. For purposes of this restriction "members of the public" shall mean individuals other than personal friends and members of a resident's family.

2. **Article VIII, Section (a) is hereby amended to read as follows:**

    (a) No Home shall be used for any purpose other than as a private, single family residence. It may only be used for residential purposes. Further, the Common Property and Community Facilities shall not be used for any residential or commercial purpose not expressly permitted by this Declaration. All Homes must be owned by a natural person, Qualified Personal Residence Trust of which the occupant is the grantor or other trusts that are intended for legitimate estate planning purposes as approved by the board. Ownership by a legal entity other than a Qualified Personal Residence Trust or other trust intended for legitimate estate planning purposes as approved by the board is prohibited.

3. **Article I, Section 1.26 is hereby amended to read as follows:**

    1.26 "Owner" or "Home Owner" shall mean and refer to those natural persons, Qualified Personal Residence Trusts or other trusts intended for legitimate estate planning purposes as approved by the Board, in whom record fee simple title to any Home is vested as shown in the records of the Office of the Ocean County Clerk, but shall not mean or refer to any mortgagee or trustee under a deed of trust unless and until such mortgagee or trustee under a deed of trust has acquired title to any such Home pursuant to foreclosure proceedings or any proceeding in lieu of foreclosure, nor shall the term "Home Owner" refer to any lessee or tenant of a "Home Owner."

4. **Article VIII, Section (l) is hereby amended to read as follows:**

(l) Each of the following restrictions on leasing/rental (which for purposes of these restrictions shall include any occupancy other than by the Home Owner) shall apply, except as to the Association and an Institutional Lender in possession of such Home following a default in a first mortgage, a foreclosure proceeding or any deed or other arrangement in lieu of foreclosure:

i. No Home shall be rented until such Owner(s) shall have occupied the Home for an uninterrupted period of two years. An extended vacation (for example spending the winter months out-of-state) shall not be considered an interruption of occupancy. A Home that is owned by a trust permitted by Article VIII, Section (a) of this Declaration shall be occupied by the grantors of that trust for the two-year period before it may be rented. Also, the estate of a deceased owner may rent the property for a period of up to two (2) years after the death of the owner.

ii. No Home may be rented for a period of less than one year.

iii. No Home may be used for transient or hotel purposes, which shall be defined as a turnover of occupants within a one-year period, even if under a single lease, or occupancy where hotel-like services are provided (e.g. room service, maid service, furnishing laundry or linen, or bell service.)

iv. At no time shall more than thirty-five (35) Homes be leased, rented, licensed or let (collectively referred to as "lease" or "leased") at any one time. To ensure that this limitation is not exceeded, an Owner who intends to lease his/her Home shall first seek the consent of the Board to lease, whereupon the Board will notify the Owner if this limitation has been met. If the limitation has been met, the Owner shall not lease the Home. If this limit has not been met, permission to lease shall not be unreasonably withheld. All such requests shall be granted upon a first come/first serve basis; provided, however, that the Board may establish Rules and Regulations relating to this restriction. For purposes of this Declaration, a "tenant" shall include any individual residing in a Home that is not owner-occupied, whether or not rent is being paid. The term "tenant" shall not include occupant(s) of a Home, the owner of which is a family trust set up by the occupant(s) for estate planning purposes.

6. **Article VIII, is hereby amended to include the following new section (gg) as follows:**

(gg)[NEW] Access to the community by guests of a resident (other than those who have Westlake authorized access through EZPass, window sticker or similar means) must be through the Main Gate or the North Gate. The Board is authorized to adopt, amend, and enforce rules and regulations to implement this restriction, including but not limited to the registration of guests.

7. **Article VIII, is hereby amended to include the following new section (hh) as follows:**

(hh)[NEW]   Neither the Clubhouse nor any portion of the Common Property shall be used for religious services or practices provided, however, that this restriction shall not apply to the celebration or conduct of a wedding, bar/bat mitzvah, christening, or similar occasions.

8. **Article VI, Section 6.01 is hereby amended to read as follows:**

6.01   Owners of Homes shall be entitled to full privileges of use of the Community Facilities without payment of any further fee or cost, except as may otherwise be imposed pursuant to Section 4.19 of this Master Declaration. Such use shall be subject to such reasonable rules and regulations as may, from time to time, be promulgated by the Master Association. Such rules shall not be discriminatory (except as permitted by the Housing for Older Persons Act of 1995) and shall be gender neutral.

9. **Article X, Section 10.03, first sentence, is hereby amended and an additional sentence added to read as follows:**

Occupancy of any Home shall be restricted to persons of the age of 55 years or over, provided, however, that (i) a person of the age of 55 years or over may occupy such Home with such person's spouse, regardless of the spouse's age and/or with not more than one child nineteen (19) years of age and over and (ii) any spouse or child who was permitted to and did occupy a Home with an age qualified person may continue to occupy the Home after the death of such age qualified person unless such continued occupancy would cause the development to fail to continue to qualify as housing for older persons under the Housing for Older Persons Act of 1995. [The remainder of Section 10.03 shall remain unchanged.]

### Bylaw Amendments

1. **Article VI, section 6.1(f) of the Bylaws (Powers of the Board) is hereby amended to read as follows and permit the Board to:**

6.1(f) Adopt, amend, and publish Rules and Regulations covering the details of the operation of the Association, and use of the Common Property or Community Facilities; the conduct of the Owners and residents with respect to the Common Property, Community Facilities and Homes to the extent that conduct regarding the Homes impacts the health, safety and welfare of the Association as a whole and its Members. Such rules shall not be discriminatory (except as permitted by the Housing for Older Persons Act of 1995) and shall be gender neutral; and [the remainder of Article VI, Section 6 shall remain unchanged.].

2.  **Article XIV, section 14.1 of the Bylaws is hereby amended to read as follows**:

14.1 Enforcement. The Master Association shall have the power, at its sole option, to enforce the terms of this instrument or any Rule or Regulation promulgated pursuant thereto, by any or all of the following: self-help; sending notice to the offending party to cause certain things to be done or undone; restoring the Master Association to its original position and charging the breaching party with the entire cost or any part thereof; complain to the duly constituted authorities; taking any other action before any court, summary or otherwise, as may be provided by law. In the event that the Association retains legal counsel to enforce the terms of the Governing Documents or defend a claim by an Owner, the Association shall be entitled to an award of its reasonable costs and expenses, including reasonable attorneys' fees and costs.

3.  **Article III of the Bylaws is hereby amended to add the following section 3.12:**

(a) [New] Notwithstanding any other provision of this Article or these Bylaws, notices, voting, consent to and approval of any matter pursuant to the Declaration or Bylaws of the Master Association may be accomplished by electronic transmission or other equivalent technological means provided that a record is created as evidence thereof and maintained as long as such record would be required to be maintained in non-electronic form.

(b) To the extent permitted by law, the Association may elect to conduct elections and other membership votes through an internet-based online voting system according to the following terms:

   1. The members' identity must be authenticated to the online voting system.

   2. Electronic ballots must be transmitted in a way that ensures the secrecy and integrity of each ballot.

   3. Receipts sent from the electronic voting system must be subject to verification.

   4. The system must store and keep electronic ballots accessible to election officials for recount, inspection, and review purposes.

   5. A member voting electronically is counted as being in attendance at the meeting for purposes of determining a quorum.

   6. Members who cannot or chose not to vote online shall be provided with the opportunity to vote using an alternative method.

(c) The Board shall have the authority to adopt, amend, and publish rules and regulations to implement this provision.

ATTEST:                                              WESTLAKE MASTER ASSOCIATION, INC.

_____      _____
Marie Miller, Secretary                                  Bobbie Rivere, President

*This is not a certified copy*

{05350397; 3}

L00257

## ACKNOWLEDGMENT

**STATE OF NEW JERSEY** :

                                    SS

**COUNTY OF OCEAN:**

      I certify that on __July 7__, 2017, Marie Miller personally came before me and acknowledged under oath, to my satisfaction, that he/she is the Secretary of Westlake Master Association, Inc., is the attesting witness to the signing of this document by the proper corporate officer who is Bobbie Rivere, the President of the corporation; This document was signed and delivered by the corporation as its voluntary act duly authorized and approved by a vote of the members in accordance with the Declaration and Bylaws of the Association. The proper seal of the corporation was affixed to this document; and the secretary signed this proof to attest to the truth of these facts.

                                                  _Marie Miller_
                                                 Marie Miller, Secretary

*This is not a certified copy*

Subscribed and sworn to,
before me, this 7th day
of __July__, 2017.

_[signature]_
A Notary Public of New Jersey
My Commission Expires: 7\18\2022

{05350397; 3}