

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

WAYNE E. PINKSTONE
Direct No:  609.895.7063
Email: WPinkstone@FoxRothschild.com

December 24, 2019

**VIA ECF**
Honorable Zahid N. Quraishi, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re: *Lefkowitz. et al., v. Westlake Master Assoc., Inc., et al.*
    **Civil A. No. 3:18-cv-14862-AET-ZNQ**

Dear Judge Quraishi:

This Firm represents Defendants Westlake Master Association Inc. ("Westlake HOA"), Bobbie Rivere, Dennis Lafer, Richard E. Fontana, Marie Miller, James P. Garrett, David J. Whelan, Michael W. Yudkin, Diane E. O'Connor, and Peter J. Martinasco (collectively "Individual Defendants") (the Individual Defendants and the Westlake HOA are referred to collectively as "Defendants") in the above captioned matter. We write in response to the December 12, 2019 letter from Plaintiffs Rabbi Lefkowitz, Levi Lefkowitz and Moshe Lefkowitz (collectively, "Plaintiffs") regarding Plaintiffs' request to compel discovery [ECF No. 39]. Specifically, Defendants oppose Plaintiffs' request to compel discovery of (1) all documents relating to Orthodox Jews; and (2) documents relating to the Residential Purposes Amendment.

**I.     Background**

Westlake HOA is a New Jersey non-profit corporation established for the purposes, among others, of administering and maintaining the common property and facilities of the Westlake Golf and Country Club, a controlled access community of 1,421 homes restricted to individuals age 55 and over located in Jackson, New Jersey. Individual Defendants were (or are) all members (or officers) of the Board of Trustees of Westlake HOA during the relevant time period of this dispute, and are responsible for managing the property, affairs, and business of Westlake HOA in accordance with its governing documents and law. Residents of Westlake are required to abide by Westlake HOA's rules, regulations and restrictions in order to reside in the community, which they agree to by signing the deed to their home.

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Minnesota
Nevada   New Jersey   New York   North Carolina   Pennsylvania   South Carolina   Texas   Washington

Plaintiffs, Orthodox Jews who are diagnosed with diabetes, have lost limbs, and use wheelchairs to transport themselves, moved into Westlake Golf and Country Club in 2016. The Westlake HOA's rules and regulations allow for a temporary sukkah up to eight feet wide, 10 feet long, and eight feet high to be built. In 2016, Plaintiffs requested to be allowed to build a larger sized permanent structure to use as a sukkah and failed to provide any of the necessary permitting or details regarding the structure, so their request was initially denied. In 2017, Plaintiffs requested that the Westlake HOA allow them to construct a screened porch on their existing patio that would also serve as a permanent sukkah. Beginning in March 2018, Plaintiffs requested that the locked emergency access gate in the fence that separates Westlake's property from Gale Chambers Road be unlocked and that a path be installed over an empty grass covered lot between other residents' homes so that Rabbi Lefkowitz and his family could use the gate.[1] According to Plaintiffs, this would reduce Plaintiffs' trip to both Rabbi Lefkowitz's daughter's home, and the home that houses the prayer meeting, which are located on the other side of the gate.

Plaintiffs assert claims for violation of the Fair Housing Act, New Jersey Law Against Discrimination, Planned Real Estate Development Full Disclosure Act, and Breach of Contract for Defendants' denial of Plaintiffs' sukkah/porch request and gate access request. *See* ECF No. 37.

## II.   Disputed Discovery Requests

As an initial matter, the Federal Rules of Civil Procedure limit the scope of discovery to "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Before compelling a party to produce documents or electronically stored information, a court must determine that its likely benefit outweighs the burden and expense of its production. *Id.* Relevance and proportionality are coequal considerations—no factor is more important than the other. "[T]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." *Novanta Corp., v. Iradion Laser, Inc.*, No. 15-cv-1033-SLR-SRF, 2016 WL 4987110, at *2 (D. Del. Sept. 16, 2016) (quoting Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment).

Plaintiffs, however, have made no consideration of proportionality in their request to compel discovery. Plaintiffs served the Westlake HOA and each named individual defendant with requests for the production of documents. Each set of requests directed to the Individual Defendants contained 45 requests, while the set of requests directed to the Westlake HOA contained 64 requests. Defendants have collectively produced 1,752 pages of documents and privilege logs covering another 500 documents. Plaintiffs now seek to compel responses to the following requests:

---

[1]   Initially, Plaintiffs requested that Westlake HOA not only construct the path, but also fund the construction and gate improvements.





Hon. Zahid N. Quraishi, U.S.M.J.
December 24, 2019
Page 3

1. All Documents relating to Orthodox Jews (WRFP No. 53; IRFP No. 34)[2];

2. All Documents relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean City, New Jersey (WRFP No. 54; IRFP No. 35);

3. All Documents reflecting any communications by You with any other Person, including without limitation any other Defendant, relating to Orthodox Jews moving into Westlake, Jackson Township, Lakewood Township, or anywhere in Ocean County, New Jersey (WRFP No. 55; IRFP No. 36);

4. All Documents relating to the Association's adoption of the Residential Purposes Amendment (WRFP No. 56; IRFP No. 37);

5. All Documents relating to Defendants' reviews and/or evaluations of the Residential Purposes Amendment (WRFP No. 57; IRFP No. 39);

6. All Documents reflecting the reasons the Association adopted the Residential Purposes Amendment (WRFP No. 58; IRFP No. 38); and

7. All minutes of meetings of the Association's Board relating to the adoption of the Residential Purposes Amendment (WRFP No. 59).

Plaintiff also seeks to compel a response to the interrogatory posed to each of the Defendants to "Describe in detail the facts, circumstances, analyses and reasons underlying the Association's adoption of the Residential Purposes Amendment." (WROG No. 7; IROG No. 5).

      These broad requests that Plaintiffs now seek to compel are unrestricted in time and bear little to no connection to the actual claims asserted in this action, were served on not only the Westlake HOA but also nine individual defendants, which would necessitate review of all nine individuals personal files and email along with the Westlake HOA.

---

[2] For ease of reference, Defendants have employed the same name convention used by Plaintiffs in their letter to compel discovery [ECF No. 39] in referring to the requests for production of documents and interrogatories at issue. Copies of the relevant portions of the requests for production and interrogatories at issue are appended to Plaintiffs' letter at ECF No. 39.

Case 3:18-cv-14862-AET-ZNQ   Document 41   Filed 12/24/19   Page 4 of 6 PageID: 567



Hon. Zahid N. Quraishi, U.S.M.J.
December 24, 2019
Page 4

### A.  Documents Relating to Orthodox Jews

Plaintiffs' requests are for all documents "relating" to Orthodox Judaism and the surrounding communities without limitation of time or regard to the Lefkowitzes' actual requests for accommodation at issue in this action, or even connection to the Lefkowitzes at all. However, not only are the requests exceedingly overbroad, receipt of a news article about the tension in Lakewood regarding Orthodox Jews or even a comment regarding the same has little bearing on why Defendants denied Plaintiffs' sukkah/porch request or gate access request.

"[D]iscovery should be tailored to the issues involved in the particular case." *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (M.D. Pa. 2017) (quoting *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)). Here, Defendants have already produced all documents referencing or relating to the Lefkowitzes and their requests for accommodation. Other courts have found that not even every mention of the plaintiff in emails between eight individuals over a one-year period of time is likely to be relevant in an employment discrimination case. *Rutledge-Plummer v. SCO Family of Servs.*, No. 15-cv-2468-MKB-SMG, 2017 WL 570765, at *2 (E.D.N.Y. Feb. 13, 2017). In *Rutledge-Plummer*, the court found that the plaintiff's demand for that information far exceeded the scope of permissible discovery, *id.*, as the court should here.

Plaintiffs' argument that they "conclusively demonstrate" that any and all documents relating to Orthodox Judaism and/or Lakewood are relevant by referencing emails that specifically discuss Rabbi Lefkowitz is illogical. The emails referring to Rabbi Lefkowitz have been produced because they refer to Plaintiffs and their requests at issue in this case. It does not follow, however, that every document in the possession of the ten Defendants referencing Orthodox Judaism is also potentially relevant and should be produced.

Because Plaintiffs seek discovery of general documents relating to Orthodox Judaism unconnected from the requests for accommodation or the claims at issue in this case, Plaintiffs' motion to compel should be denied.

### B.  Documents Relating to the Residential Purposes Amendment

Plaintiffs request for all documents relating to the Residential Purposes Amendment should also be denied because it is unrelated to any claim asserted in this case. The Residential Purposes Amendment is an amendment to the Westlake Declaration and Bylaws voted on and approved by the community at large, along with a number other amendments relating to issues such as the renting of homes and the use of community facilities – none of which having any connection to the allegations here. The time to move to amend pleadings in the instant case has run, *see* ECF No. 31, and there is no allegation that Plaintiffs were denied some request based on the Residential Purposes Amendment, nor do they claim any intention to make such a request. Rather, Plaintiffs' claims are for special accommodations with respect to access to a locked gate and construction of a Sukkah and/or screened porch large enough to fit the three Plaintiffs in their wheel chairs. The Residential Purposes Amendment has no connection whatsoever to these claims.

Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. Zahid N. Quraishi, U.S.M.J.
December 24, 2019
Page 5

There is no claim asserted with respect to the Residential Purposes Amendment, nor is there even a reference to it or any other amendment to the Declaration and Bylaws in the Second Amended Complaint. *See* ECF No. 37. Plaintiffs have been aware of the Residential Purposes Amendment since before institution of this suit because it is part of the governing documents for Westlake HOA. They have amended their complaint twice, but still have not asserted a claim based on the Residential Purposes Amendment. Rather, each of Plaintiffs' causes of action refer only to the Lefkowitzes' requests to build a porch/sukkah and for access to the Gale Chambers Road gate, and the Defendants' response to those requests. *See e.g.*, ECF No. 37 at ¶ 115 (alleging Defendants violated the Fair Housing Act "by refusing and continue to refuse to reasonably accommodate the Lefkowitzes' handicaps by refusing to permit the Lefkowitzes to construct the screened porch/ sukkah they requested and refusing to allow the Lefkowitzes to use the gate on to Gale Chambers Road and to install a path to the gate"); ¶ 120 (alleging Defendants have interfered with Plaintiffs Fair Housing Act Rights by refusing the sukkah/porch and gate requests); ¶ 126 (alleging refusal to allow construction of the porch/sukkah and refusal to allow use of the Gale Chambers Road gate violates the New Jersey Law Against Discrimination); ¶ 131 (alleging denial of Plaintiffs' request to build a porch/sukkah breached Westlake Master Association Inc.'s governing documents); ¶¶ 135-137 (alleging a PREFDA violation for failure to grant the porch/sukkah and gate access requests); ¶ 147 ("Defendants have violated the FHA by denying the 5/2/19 Gate Request"); ¶ 152 ("By denying the 5/2/19 Gate Request, and by doing so because of the Plaintiffs' religion and handicaps, Defendants interfered with the Lefkowitzes' rights under the FHA"); ¶ 158 (alleging Defendants violated the NJLAD by refusing to grant a gate request).

"'[T]he scope of [ ] discovery is not without limits.' As such, '[d]iscovery should be tailored to the issues involved in the particular case.'" *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 111 (M.D. Pa. 2017) (quoting *Kresefky v. Panasonic Comm'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)). "The pendency of a lawsuit enables a party to use the tools of discovery to find relevant facts; the tools are powerful and can result in the imposition of great expense and burden." *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088-RMB-HBP, 2016 WL 616386, at *7 (S.D.N.Y. Feb. 16, 2016). "Discovery may not . . . be used to impose unnecessary burden on an adversary or to seek information that has no or minimal relevance to the claims or defenses." *Id.* Thus, because no claims rely on or refer to the Residential Purposes Amendment, discovery of information relating to the Residential Purposes Amendment is not relevant to the resolution of Plaintiffs' claims.

Furthermore, as with Plaintiffs' requests for all documents relating to Orthodox Judaism, Plaintiffs' request for all documents relating to the Residential Purposes Amendment is simply not proportional to the case, as required by Fed. R. Civ. P. 26(b)(1). The amendment was voted on along with a number of other amendments having nothing to do with Plaintiffs' claims. Moreover, Plaintiffs have sued not only the Westlake HOA, but also sued both individually and in their capacity as Board Members, nine individuals. Thus, compelling production of all documents relating to the Residential Purposes Amendment would require Defendants to endure the cost not only of the review of Westlake HOA's files and emails and the Property Manager's files and emails, but also the personal emails of nine individuals, which is hundreds of thousands of documents, for discovery that is unrelated to any asserted claim. Therefore, Plaintiffs' request should be denied.



Hon. Zahid N. Quraishi, U.S.M.J.
December 24, 2019
Page 6

We thank the Court for its time and consideration of this matter.

>Respectfully submitted,
>
>Wayne E. Pinkstone

cc: Counsel of Record (via ECF)